## NATHANIEL NORTON *versus* ZIMRI B. HEYWOOD.

Although the general presumption of law is, that when the plaintiff, suing as indorsee, produces at the trial the bill indorsed, that he became the holder before it fell due ; still where the defendant shows that the indorser was in possession of the bill, and claiming to own it, before and until after it became due and was protested, the presumption is so rebutted, that the admissions of the indorser are competent evidence.

Where an original contract is proved to have been last seen in the hands of the party in interest in the suit, although not a party to the record, and notice to him to produce it has been given, a copy is admissible in evidence.

Where a contract in relation to land is explicit in its terms, and gives no authority to cut timber thereon, testimony to show that the owner had permitted others under similar contracts to cut timber without considering them as trespassers, is inadmissible to prove a license from the owner to cut timber in the case on trial.

The defence of want of consideration, is established by proof, that the bill was accepted in part payment of the acceptor's own contract as surety, which was without consideration to the surety or to the principal.

ASSUMPSIT against the defendant as indorser of a bill of exchange drawn by B. F. Waite on Hall & Duren, payable seventy-five days after date at the Suffolk Bank in Boston, for $900, to the order of the defendant, and by him indorsed. The bill was not paid at maturity, and was duly protested.

The defendant contended, at the trial before EMERY J., that Heman Norton was the holder and owner of the bill at the time it fell due, and was the plaintiff in interest in this action ; that the bill was an accommodation one, made for the benefit of Hall & Duren, the acceptors thereof ; and that there was a failure of consideration for the bill. The facts appearing in evidence are correctly stated in the opinion of the Court, and need not be here repeated.

After the evidence was closed, the plaintiff requested the Judge to instruct the jury, that unless Hall & Duren were liable on account of the trespass, neither they nor any other party to the bill could make this defence. The Judge did not grant the precise request, but did instruct the jury, that if they were satisfied from the evidence, that the timber, to pay for which the draft was made, was cut off from the land of the Bingham heirs, and that their agent had forbidden the conver-

sion of the timber, and called on the trespassers for payment, and that no authority was given by the owners to cut the timber, there was a failure of consideration.

The plaintiff proposed to introduce testimony to show that Col. Black, the agent of the Bingham heirs, had for twelve years been in the practice of giving contracts, like the one given to Ramsdell, to actual settlers, and *that in most instances* he had suffered the persons to whom the contracts were given to occupy and cut timber without considering them as trespassers, and contended that such evidence would be sufficient to justify the jury in finding an implied license to Ramsdell and his assigns to cut the timber. The Judge ruled, that such evidence would not be sufficient to justify the jury in finding such implied license, inasmuch as the contract by the terms of it gave no authority to cut timber; and the evidence was rejected.

The verdict for the defendant was to be set aside, if the rulings or instructions of the Judge were incorrect.

*Fuller*, for the plaintiff, contended, that proof of possession of the bill was *prima facie* evidence, that it was indorsed to him before it fell due. *Green* v. *Jackson*, 15 Maine R. 138; 7 Paige, 616. Before the defendant should have been permitted to go into the defence set up, he should have been required to prove by legal evidence, that the bill came to the plaintiff after it was dishonored. Heman Norton was not a party to the suit, and was not proved to be a party in interest. His admissions were not legal evidence. There is no difference, whether the evidence is offered to charge another, or to defeat his rights. *Adams* v. *Carver*, 6 Greenl. 390; *Carle* v. *White*, 9 Greenl. 104; *Baker* v. *Briggs*, 8 Pick. 122; 15 Johns. 493; 8 Johns. 121; *Russel* v. *Doyle*, 3 Shepl. 112.

There was no legal evidence to prove that Hall and Duren were trespassers, and the instructions requested on that subject should have been given.

There was no foundation laid for introducing a copy of the bond instead of the original. This is a sufficient cause to set aside the verdict.

A license may be implied from custom and usage in similar cases. It merely shows how the bond was understood by the parties.

*Downes*, for the defendant, insisted that there was no error in the ruling or instructions. There was sufficient evidence in the case before the declarations of Heman Norton were received, to show that Heman Norton was the holder of the bill until after it became due, and that he is still the plaintiff in interest. This is sufficient to let in the declarations of Heman Norton, and the defence of want of consideration.

Hall and Duren were mere sureties, and they can show a want of consideration wherever the principal can ; and the indorser can always make the defence, when the acceptor may.

The bond was in Heman Norton's possession, and he was notified to produce it. His keeping it back, was merely another attempt to force the defendant to call the real plaintiff.

The evidence offered to prove the common practice of the agent of the owners, was rightly rejected by the Judge, as varying the terms of a written contract. But the evidence offered was wholly irrelative, as it applied to actual settlers, and not to speculators like the plaintiff in interest.

The opinion of the Court was by

Shepley J. — The testimony in this case shows, that the agent of the devisees of William Bingham contracted with Charles Ramsdell to convey to him or his assignees, township numbered four in the county of Hancock, on payment of certain notes. There was no license to cut on it. This contract having been assigned to Heman Norton and others, he authorised Samuel Dunn, by a written permit, to enter and cut timber on it paying a certain sum for each thousand feet. Hall and Duren became sureties to secure the payments to be made by Dunn to Norton. This bill of exchange was drawn and indorsed for the accommodation of Hall and Duren, who accepted it and delivered it in part payment of the sums agreed to be paid by Dunn. The owners of the land by their agents then interposed and forbid payment of the value of the timber

to others, claiming it for themselves. Dunn acquired no title to the timber thus cut without authority from the owners. He was but a trespasser and accountable to them. His contract to pay the value to Norton was without consideration, and so of course was that of his sureties. And they having accepted this bill in part payment of a contract voidable for want of consideration, it was liable to the same objection. The defendant might as indorser shew these facts in defence against Heman Norton, and a verdict was properly found for the defendant, if the plaintiff became the holder of the bill after it was over due and dishonored, and they were proved by legal testimony.

The presumption of law being, that the plaintiff became the holder before the bill became payable, it is contended, that there was no legal proof to rebut it; and that Heman Norton's declarations were not admissible for this purpose. His declarations after he ceased to be the holder are not evidence. The testimony received is not properly described, when spoken of as the declarations of H. Norton. It was, that he was in possession of the bill claiming to own it, and that such possession by himself and his agents continued until it was over due and protested. These are facts capable of being proved by any other witness as well as by him. It is said, that he might have negotiated it after it was sent to Messrs. Griggs and Chickering and before it became payable. He could not have done so in the usual course of business for he had not the bill to deliver. He might have assigned it, but if he had, that proof should have come from the plaintiff. It was sufficient for the defendant to introduce the usual and proper evidence of title in H. Norton by shewing it to be in his possession until after it was over due.

Another objection is, that the testimony does not prove, that Hall and Duren were trespassers. And it is said, that the instructions requested on that point, should have been given. It was not necessary to the defence, that they should appear to be liable as trespassers. It was only necessary, that it should appear in proof, that the bill was accepted in part

payment of their own contract as sureties, which was without consideration to their principal or to themselves. The instructions requested were therefore properly refused, and those which were given were not liable to objection.

Another objection has reference to the admission of a copy of the contract between the agent of the devisees and Ramsdell. There was testimony tending to prove, that H. Norton was the real party in interest, that notice to produce the original had been given, and that it was last seen in his hands. Under such circumstances the copy proved to have been correctly taken was properly admitted.

It is contended, that the testimony offered to prove, that the agent of the devisees had permitted actual settlers to cut timber under similar circumstances without treating them as trespassers, should have been received. Such testimony having reference to actual settlers and not to purchasers by the township could have afforded no excuse for this trespass. If it had related to contracts in all respects similar, to receive it, would be to permit many instances of indulgence and forbearance towards trespassers to be used as authorising others to commit them as matter of right.       *Judgment on the verdict.*