EDWARD F. FRENCH, *et al.*, v. WILLIAM GORDON, *et al.*

1. PLEADING; ANSWER; *Facts Constituting a Defense.*  In an action brought by the payees (who were also the holders) of a certain draft against the drawees (who were also acceptors) of the draft, the defendants answered, that the draft was drawn upon them and accepted by them in payment for a certain quantity of apples which the plaintiffs, through their agent (the drawer of said draft,) sold and agreed to deliver to the defendants; that said apples were to be good sound merchantable winter apples; that the plaintiffs did not deliver such apples, but delivered worthless and unmerchantable apples; *held,* that an answer setting up such facts states a good defense to such an action, whether fraud be alleged on the part of the plaintiffs or not.

2. NEGOTIABLE PAPER; *Presumption in favor of Holder; Evidence; Change of Burden of Proof.*  The presumption that the holder of a bill of exchange or other negotiable instrument is a *bona fide* holder is only a a *prima facie* presumption.  The presumption is never conclusive.  It is always open to be controverted.  And generally, very slight evidence tending to show that the holder of such an instrument is not a *bona fide* holder will throw the burden upon him of showing that he holds such instrument in good faith.  And if it should be shown that he is not a *bona fide* holder, then he holds the instrument subject to all the defenses that might be set up against it if it were still in the hands of the original holder, or that might be set up if the suit were between the original parties.

*Error from Leavenworth District Court.*

FRENCH and another sued *Gordon & Bro.*, upon a draft drawn on defendants and by them accepted.  Said draft is as follows — defendants' acceptance, (the name, "*Wm. Gordon & Bro.*,") being written across the face thereof:

"$357.00. BUFFALO, Oct. 26th, 1870.

"Twenty days after date pay to the order of *French & Gorton*, three hundred and fifty-seven dollars, account 150 barrels apples, value received, and charge same to account of .
"L. B. BROWN.

"*To Wm. Gordon & Bro., Leavenworth, Kas.*"

The answer set up two defenses, first, a general denial; the second defense is as follows:

"II. And for a second and further defense, these defendants aver and state that on or about the 20th of October 1870 L. B. Brown, the drawer of the said bill of exchange, who was the agent of the plaintiffs in that behalf duly authorized, applied to these defendants who were then and ever since have been grocers and dealers in groceries, provisions, fruits, etc., at the city of Leavenworth, in the state of Kansas to purchase a large quantity of winter apples represented by him to be then in the city of Buffalo in the state of New York, and also then and there represented by him to be first quality and kinds, and sound and free from all defects of any kind, and first-class merchantable apples, and that the said plaintiffs would warrant the said apples to be in all respects as represented by him, and that the same should be and were in all respects suitable for the retail trade of these defendants at the city of Leavenworth aforesaid; and these defendants allege that they believing such representations, and relying upon such representations and warranties, purchased of the said plaintiffs, through their agent as aforesaid, 298 barrels of such apples, at and for the price of $709.24; and thereupon the said plaintiffs, through and by their said agent for that purpose duly authorized, warranted that the said apples did and would in all respects meet the representations so made regarding them, as hereinbefore stated, and were and should be in all respects winter apples of first quality and kind, sound and free from all defects whatsoever, and were and should be good merchantable apples, and agreed that the same should be forthwith shipped at Buffalo to these defendants, at Leavenworth aforesaid, and there delivered to these defendants in such good order and condition; and these defendants further allege that upon the shipment of the said apples in Buffalo, the said Brown, agent of the plaintiffs, and as and for the payment of the purchase price of the said apples, drew two drafts upon and addressed to these defendants, one bearing date on the 25th of October 1870, and payable at fifteen days after date,

to the order of these plaintiffs, for the sum of $352.24, and the other bearing date on the 26th of October 1870, payable to the order of the plaintiffs at twenty days after date for the sum of $357, which drafts were afterwards presented to these defendants and by them accepted, and the first thereof above mentioned was, before the delivery of the said apples or any of them, duly paid by these defendants, and that the other of said drafts or bill of exchange is described in the petition in this cause. And these defendants aver, that the apples so shipped and delivered, and which were afterwards received, were not apples of the first quality and kind, so purchased by the defendants, and were not sound and in good condition, and were not good marketable apples, but were bruised, and rotten, and decayed, and were almost wholly unfit for use, and wholly worthless and unmarketable, and were not worth more than the sum of $200; and thereby, and by reason of the premises, the said contract of warranty was broken; and in consequence of the failure of the plaintiffs and their said agent to deliver apples of the quality, kind, and in the condition sound and free from defects, so agreed to be delivered, the defendants have lost large gains and profits they would otherwise have realized, to-wit, the sum of $350, and have lost the said sum of money so as aforesaid on said first bill of exchange, to-wit, the sum of $352.24, and the interest thereon since the payment thereof, and have lost the freight paid thereon, to-wit, $350; and have, by the failure of the said plaintiffs to keep and carry out their said agreement, suffered loss and sustained damages to the amount of $1,050, which they will counterclaim on the trial of this cause, and for which sum they ask judgment against said plaintiffs."

The reply filed by plaintiffs was a general denial. The action was tried at the May Term 1872. Verdict and judgment for plaintiffs for $100. The plaintiffs claimed that the verdict was too small, and moved for a new trial for that reason, and "because the said verdict is not sustained by the evidence and is contrary to law." New trial refused, and plaintiffs bring the case here on error.

*Burnes & Baker*, for plaintiffs in error:

1. Defendants admit their acceptance of said bill of exchange before the same became due. Their second defense set forth in their answer does not state facts sufficient to constitute a

cause of action as to the plaintiffs. It does not charge fraud: 15 Penn. St., 238; 35 Penn. St., 448. The drawee or acceptor of a bill of exchange cannot show by proof outside of the instrument itself (and not in writing) that the drawer is the agent of the payee or holder, where the answer fails to charge fraud as to them: Edwards on Bills, 404. The drawee accepts upon the strength of the drawer. The act of accepting a bill of exchange is the execution of a contract, and if the acceptor is injured, in absence of fraud upon the part of the payee, his recourse, if any, is upon the drawer: Edwards on Bills, 385; 2 Selden, 412; 3 Comstock, 243.

2. The payee or holder of a bill of exchange after its acceptance and before due is presumed to be the holder in good faith, and in law stands precisely the same as a *bona fide* purchaser of a note before due. Edwards on Bills, 55; *Swift v. Tyson*, 16 Peters, 1; and such an instrument in the hands of a *bona fide* payee cannot be defeated by fraud, false representations, or warranties on the part of the drawer.

3. The declarations of a person that he is the agent of another are inadmissible. Agency must be proven in the same manner as any other fact. *Streeter v. Poor*, 4 Kas., 413; 6 Minn., 484; 21 Mo., 404. There is no proof of agency in this cause. Brown was not a party to the suit, nor in any way interested, nor were the plaintiffs, or either of them, present at the time defendants pretend to have talked with Brown. 1 Greenl. Ev., § 171; 12 Wend., 142. There is no proof that plaintiffs ratified the acts of Brown.

4. The verdict in this cause is not sustained by sufficient evidence. *Anthony v. Eddy*, 5 Kas., 127.

*Hurd & Birnie*, for defendants in error:

1. Payment of the draft was resisted on the ground that plaintiffs in error were not innocent holders of the draft, and a failure of the consideration for the same, a warranty of the apples at the time of sale, and a breach of such warranty, the apples on their arrival proving nearly worthless. The agency of Brown, and the good faith of the plaintiffs, were the material

questions in the case. It was not seriously contended that the apples were merchantable, or corresponded with terms of the sale. Gordon testified that the apples shipped by plaintiffs were the only ones ordered or received by the defendants. The contract was made in Leavenworth, with a traveling man or runner, supposed to be Brown, and in the usual way that business was done by traveling agents, and that this was a short time before the presentment of the drafts and bills of lading to defendants. This was sufficient evidence to authorize the jury to find the agency of Brown, or its adoption and ratification by the plaintiffs. 38 Ala., 208; 14 Mich., 124. At all events, supposing the plaintiffs undertook to fill this contract of Brown's, as they subsequently contended, enough had been disclosed to warrant the jury in believing the plaintiffs knew what the contract was, and, as a matter of law, the evidence showed enough to have put them on their inquiry. They were not innocent holders, and defendants had the same defense as though they were the drawers of the draft. *Hall v. Hale*, 8 Conn., 336; 8 Gray, 254; 30 Geo., 728. In either event they were bound by the representations made at the time of the sale. All the circumstances of that transaction, with the terms and conditions of the sale, were properly allowed to go to the jury. They all went to make up the contract of sale and the consideration of the acceptance, and unless the whole matter was fairly before them the jury could not have justly determined the relations and good faith of the parties. *Aldrich v. Stockwell*, 9 Allen, 45.

2. The burden of proof was on plaintiffs to show that they were innocent holders for a valuable consideration. *Eastbrook v. Boyle*, 1 Allen, 412. Plaintiffs admit in their testimony that Brown stated to them he wanted the apples to fill this particular contract. The draft recited the consideration. This put them on the inquiry as to what that contract was. The apples they shipped were comparatively worthless. One draft was paid in full. The jury allowed them $100 on the second car-load of apples, all that they were worth. The verdict was in accordance with substantial justice.

The opinion of the court was delivered by

VALENTINE, J.: The second defense set forth in the defendants' answer states facts sufficient not only to constitute a defense to the plaintiffs' cause of action, but also (if stated in a petition) to constitute a cause of action against the plaintiffs, whether it alleges any fraud or not. If the plaintiffs through their agent sold and agreed to deliver to the defendants a certain quantity of good, sound, merchantable winter apples, and then did not do so, but delivered worthless and unmerchantable apples, we think the plaintiffs are liable; and this liability may be set up by the defendants in an action brought by themselves, or in an action brought by the plaintiffs, as in this case, the action being on a draft or bill of exchange drawn by their agent in favor of the plaintiffs on the defendants and accepted by the defendants for the price of the apples. The foregoing statement of facts is substantially what said second defense alleges. The question of the sufficiency of said second defense was raised by the plaintiffs by objecting to the introduction of any evidence under it. The plaintiffs do not in their brief seem to raise any other question in this court concerning the introduction of the evidence in the court below. Neither do they seem to raise any question concerning the charge of the court below to the jury. In fact, they could not well do so, for their exceptions to the charge were general exceptions to the whole charge, and not special exceptions to any particular portion thereof. The main question, therefore, brought to this court is, whether the court below erred in overruling the plaintiffs' motion for a new trial. And the main ground stated in the motion for a new trial was, that the verdict was not sustained by sufficient evidence. We think it is true, as claimed by plaintiffs, that "the payee or holder of a bill of exchange, after its acceptance, and before due, is presumed to be the holder in *good faith*, and in law stands precisely the same as a *bona fide* purchaser of a note before due," and that "such an instrument in the hands of a *bona fide* payee cannot be

defeated by fraud, false representations, or. warranties on the part of the drawer." But the presumption that the holder of a bill of exchange or other negotiable instrument is a *bona fide* holder is only a *prima facie* presumption. The presumption is never a conclusive one. It is always open to be controverted. And generally very slight evidence tending to show that the holder of such an instrument is not a *bona fide* holder will throw the burden upon him of showing that he is a *bona fide* holder. And if it should be shown that he is not a *bona fide* holder, then he holds the instrument subject to all the defenses that might be set up against it if it were still in the hands of the original holder, or that might be set up if the suit were between the original parties. In this very case it is claimed that the plaintiffs are not *bona fide* holders of the bill of exchange or draft sued on. The defendants allege that the plaintiffs themselves were the parties who sold to the defendants the apples; that they sold the apples through their agent Brown; that Brown drew the bill of exchange in favor of the plaintiffs on the defendants; and that the plaintiffs themselves furnished and delivered to the defendants the apples. It is also claimed by defendants that even if it was not the plaintiffs who sold the apples, but Brown individually, still the plaintiffs had such an intimate connection with the transaction that they must have known all the facts, or at least they must have known enough of the facts to have put them on the inquiry as to the balance, and therefore they could not have been or become *bona fide* holders of the draft. We agree with the plaintiffs that "the declarations of a person that he is the agent of another are inadmissible" as evidence to prove agency against the supposed principal, and that the fact of agency must always be proved the same as any other fact. But this proposition figures but very little in this case, for the court below never asserted a contrary doctrine, and therefore did not err with respect thereto. Now suppose there was not sufficient evidence introduced to prove that Brown was the agent of the plaintiffs in the sale of the apples, and

still we think there was sufficient evidence to sustain the finding of the jury that the plaintiffs were not innocent and *bona fide* holders of the draft sued on. The plaintiffs knew that the draft sued on (which was for the sum of $357,) and another draft (which was for the sum of $352.24,) were given for 298 barrels of apples which were furnished by themselves to the defendants. They knew that the apples were to be "in good order and well-conditioned," even if they did not know that they were to be good, sound, merchantable winter apples. They knew that the apples were not "in good order and well-conditioned," for the apples were not so in fact, and the plaintiffs themselves furnished the apples directly to the defendants. All this they knew when they received the draft sued on. The plaintiffs themselves have received full payment on the $352.24 draft; but they have never yet paid Brown anything for the apples, nor have they yet become liable to pay him anything. They have parted with nothing but their damaged apples. Therefore we think they were not *bona fide* holders of the draft.

The verdict of the jury was for the plaintiffs for the sum of one hundred dollars, and judgment was rendered accordingly. We think the verdict should be allowed to stand; and the judgment is affirmed.

All the Justices concurring.