M. RUMELY COMPANY, Appellant, v. ANDERSON et al.,
(Anderson, Respondent).

(150 N. W. 939).

(File No. 3630.    Opinion filed February 3, 1915.)

**1.  Negotiable Instruments—Indorsement After Maturity—Holder "In Due Course."**

If a note is indorsed after maturity, a holder thereof is not one "in due course," and a surety thereon is entitled to any defense against the indorsee that he might have interposed against the payee.

**2.  Same—Signature of Indorser, Presumptions on—Burden of Proof.**

The presumption arising under Civ. Code, Sec. 2182, of a valuable consideration, before maturity, in ordinary course, in connection with the indorser's signature on a negotiable note, is not a conclusive presumption, nor one that can be weighed as evidence, but is effective only in placing the burden of proof on the maker to show, by evidence, that it was indorsed after maturity.

**3.  Same—Time of Indorsement—Burden of Proof, Shifting of, on Holder—Evidence Necessary—Rebutting Presumption.**

Where, as in case of the holder of an indorsed note, the facts as to whether the indorsement was made before maturity lie peculiarly within knowledge of such holder, slight evidence that it was made after maturity is sufficient to rebut the presumption that it was made prior thereto, and to shift the burden of proof to holder.

**4.  Same—Time of Indorsement—Shifting of Burden of Proof— Sufficiency of Evidence.**

Evidence that payee of notes had them in possession long after due, made renewal affidavit stating that it still had a lien on the mortgage securing the notes, received a second mortgage including those notes, and part payment of such indebtedness, and soon thereafter a previous note, part of the series of notes so held, and satisfied out of said payment, was delivered by the payee to the maker, with which payment was also made part payment of one of the notes in suit, held, sufficient to shift burden of proof to an indorsee to show that the notes were not transferred after maturity, and thus to show it to be a bona fide holder.

**5.  Same—Bona Fide Holder—Subsequent Acts and Statements of Assignor—Evidence, Competency.**

In determining whether notes in suit were transferred to plaintiff before maturity, held, that acts and statements of assignor in possession and control of the notes after maturity, such as exercising ownership over, or making statements in

relation thereto, are admissible in evidence to overcome pre-
sumption of transfer before maturity.

6. **Evidence—Negotiable Instruments—Apparent Joint Maker—Evi-
   dence of Suretyship, Competency—Varying Instrument.**

    Where on face of a note defendant's signature indicated him
    a joint maker, **held**, that evidence that he signed as surety only,
    that his co-signer was the principal debtor and received the
    whole consideration for the note for his sole use and benefit,
    was not objectionable as varying terms of an instrument, it
    appearing that defendant was requested by payee's agent to
    sign as surety.

7. **Principal and Surety—Exoneration of Surety—New Agreement—
   Statute.**

    Where, after defendant, as surety, signed machinery notes
    secured by chattel mortgage, and before maturity of the notes
    in suit, the payee and the principal debtor made a new agree-
    ment for purchase by debtor of a new and larger engine, the
    old engine to be returned, payee having taken and resold the
    latter, **held**, that, under Civ. Code, Sec. 1999, in effect exoner-
    ating a surety in like manner as a guarantor, and Sec. 1986,
    exonerating an unindemnified guarantor if, by creditor's act
    without guarantor's consent, the original obligation of the
    principal is altered, etc., such surety was discharged.

8. **Negotiable Instruments—Discharge of Surety—Defenses—Ap-
   parent Principal—Evidence of Suretyship—Payee's Knowledge
   —New Contract.**

    Under Civ. Code, Sec. 1994, permitting one appearing to be a
    principal to show his suretyship, except as against persons
    acting on faith of his apparent principalship, **held**, that, where
    a payee of a note knew at the time of signing of a note by
    defendant that, although signing as apparent co-maker, he was
    a surety, and was requested by payee to so sign, and such
    payee, before maturity of the note and while in possession
    thereof, altered the contract involving the note, by making a
    new contract with the principal maker, so as to discharge the
    surety, a transferee of the note after maturity was bound, at
    his peril, to inquire as to any defenses to the note existing in
    favor of the surety against payee at time of the transfer, hence
    such defense was properly interposed by such transferee.

Appeal from Circuit Court, Hand County.   Hon. JOHN F.
HUGHES, Judge.

Action by the M. Rumely Company against J. P. Anderson
and another, to recover upon promissory notes, J. P. Anderson
defending as surety.   From a judgment for defendant J. P. An-

derson, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Joe Kirby,* for Appellant.

*C. M. Carroll,* and *F. R. Fisher,* for Respondent.

(2) Under point two of the opinion, Appellant cited: Civ. Code, Sec. 2182; 1 Par. N. & B. P. 380; 1 Daniel Neg. Inst., Sec. 812-1503; 2 Rand. Com. Paper, Sec. 686; Stone v. Crowe, 2 S. D. 525-32; Landauer v. Improvement Co., 10 S. D. 205.

Respondent cited: Landauer v. Sioux Falls Improvement ment Company, 10 S. D. 205.

(3) Under point three of the opinion, Respondent cited: Snyder v. Riley, 6 Barr (Pa.) 168; Tams v. Way, 13 Pa. 222; Ladue v. First National Bank, 31 Minn. 33; Britton v. Berry, 20 Neb. 325, 30 N. W. 254; 1st Daniel Negotiable Instruments, Sec. 786a.

(4) Under point four of the opinion, Respondent cited: Mc-Caffrey v. Dustin, 43 Ills. App. Ct. 34; French v. Gordon, 10 Kan. 370.

(5) Under point five of the opinion, Respondent cited: Cropley v. Eyster, 9 Appeals, D. C. 379; Stevens v. Bruce, 21 Pac. 193; Hutchison v. Moody, 18 Me. 393; Norton v. Heywood, 20 Maine 359; McGaffrey v. Dustin, 43 Ill. App. Ct. 34.

(6) Under point six of the opinion, Appellant cited: Aud v. Magruder, 10 Cal. 282; Sec. 1994 Rev. Civil Code, S. D.; Windhorst v. Bergandahl et al., 21 S. D. 218; Bailey Loan Co. v. Seward, 9 S. D. 326; Altman v. Anton, (Iowa) 60 N. W. 191.

(7) Under point seven of the opinion, Appellant cited: Brandt Sur. & Guar., 3rd Ed., p. 709, Vol. 1, Sec. 369; State Bank v. Smith, 49 N. E. 680; Smith v. Traders Bank, 17 S. W. 779; North Ave. Bank v. Hayes, 74 N. E. 311.

Respondent cited: Sub-division 1, Sec. 1999 Rev. Civ. Code; Sec. 1986 Rev. Civ. Code, S. D.; Niblack y. Champeny, 10 S. D. 165; Stackpole v. Dakota L. & T. Co., 10 S. D. 389; Iowa Loan & Trust Co. v. Schnosse, 19 S. D. 259; Holliday v. Brown, 33 Neb. 657, 50 N. W. 1042; Hutchinson v. Woodwell, 107 Pa. 509; 32 Cyc. 152, Note 2.

McCOY, P. J. This action was instituted by plaintiff to recover from defendants, P. P. Anderson and J. P. Anderson, the amount alleged to be due and unpaid upon two negotiable promis-

sory notes for $566 each, executed, signed, and delivered by both said defendants to the Advance Thresher Company, plaintiff's assignor, on the 16th day of August, 1906, and payable, respectively, on the 15th day of October and the 15th day of November, 1908. On the back of each of these notes appears the indorsement:

"Pay M. Rumely Company, or order, without recourse. Advance Thresher Company,
                    "By S. N. Cole, Assistant Secretary."

The defendant P. P. Anderson defaulted and made no answer. One of the matters pleaded by defendant J. P. Anderson was that said notes were assigned and indorsed to plaintiff long after the maturity thereof, and that he signed said notes as surety only, and not as a maker, and that as such surety he had been exonerated from the payment of such notes by the acts of the Advance Thresher Company, while it was the owner and holder of said notes. There was verdict and judgment in favor of defendant, and plaintiff appeals, assigning various errors.

Defendant on the trial offered certain oral evidence tending to show that he executed said notes as surety only, and not as a joint maker thereof, to which evidence appellant objected on the ground that the same was not binding upon plaintiff as being hearsay and as tending to vary the terms of a written instrument; it apparently appearing on the face of said notes that defendant was a joint maker. The objection being overruled, appellant excepted, and now assigns such ruling as error. It will be necessary, first, to determine whether or not said notes were indorsed to plaintiff before maturity.

[1] If indorsed after maturity, plaintiff is not a holder in "due course," and defendant will be entitled to any defense against plaintiff that he might have interposed against the Advance Thresher Company, were it plaintiff.

[2] Under the provisions of section 2182, Revised Civil Code, the sginature of every indorser of a negotiable instrument is presumed to have been made for a valuable consideration, before maturity, and in the ordinary course of business. This is not a conclusive presumption or a presumption that can be placed in the scales and weighed as evidence, but has the effect only of placing the burden of proof upon the maker of the instrument to show by

evidence that the instrument was indorsed after its maturity. Peters v. Lohr, 24 S. D. 605, 124 N. W. 853; Elliott, Ev. §§ 91, 92, and 93; Wigmore, Ev. §§ 2490, 2491.

[3] Another rule of evidence here applicable is that, where the facts lie peculiarly within the knowledge of one of the parties, slight evidence may sufficce to shift the burden of proof to such person in possession of such facts. Jones, Ev. § 179; French v. Gordon, 10 Kan. 370; Hatch v. Calvert, 15 W. Va. 90. The plaintiff in this case was peculiarly in possession of the facts as to whether the indorsement was, as a matter of fact, made before or after maturity. Daniel, in his work on Negotiable Instruments, § 784a, in speaking of the amount of evidence sufficient to overcome the presumption of an instrument having been transferred in due course before maturity, says:

"But the presumption as to the time of acquiring the instrument is not a strong one. The indorsement is almost invariably without date and without witnesses. The transfer, by delivery merely, leaves no footprint upon the paper by which the time can be traced. And the presumption in favor of the holder as to the time of transfer, being without any written corroborative testimony, is of the slightest nature, and open to be blown away by the slightest breath of suspicion."

[4] Now, the evidence offered by respondent to overcome the presumption in favor of appellant that the notes were transferred before maturity was substantially as follows: That the notes sued upon were the last two of a series of six notes given to the Advance Thresher Company in consideration of the purchase price of certain threshing machinery, including an engine; that the payment of said notes was secured by a chattel mortgage, in favor of said Advance Thresher Company, upon said threshing machinery; that on the 18th day of August, 1909, the Advance Thresher Company, by its agents, made affidavit for the renewal of said mortgage, in which it was stated that said Advance Thresher Company still had a lien upon said mortgaged indebtedness; that on May 7, 1909, P. P. Anderson executed and delivered a second mortgage to the Advance Thresher Company, covering and including the notes sued upon, as a part of the indebtedness secured by said mortgage; and that on the 8th day of November, 1909, P. P. Anderson made to the Advance

Thresher Company's agent a cash payment of $860.35 to be applied on the said threshing machine indebtedness, and a few days thereafter the fourth note of said series was delivered to said P. P. Anderson by a managing agent of the Advance Thresher Company, and the balance of $369.51 of said $860.35, remaining after the satisfaction of the fourth note, was indorsed on the fifth note of the series, being one of the notes sued on in this action. Thus the burden of proof cast upon defendant by the statute was met by evidence which tended to and did show, prima facie, that the notes were not transferred to plaintiff until long after the maturity thereof. The plaintiff, who best knew when, as a matter of fact, the transfer was made, offered no evidence upon that question.

Appellant objected to all this evidence offered by defendant on the ground that the acts, statements, and declarations of the Advance Thresher Company's Agent were not binding upon the plaintiff; that as to plaintiff such acts were hearsay; and, the objections being overruled, plaintiff excepted. We are of the view that the objections were properly overruled. We are of the opinion that the said evidence strongly tended to show, not only that the said notes were transferred after maturity, but also that the Advance Thresher Company, by its agents, was in possession and control of said notes at the times when said acts, statements, and declarations were made.

[5] The rule seems to be that subsequent acts of an assignor, such as exercising ownership over notes claimed to have been transferred before maturity, or making statements in relation thereto, are proper and admissible evidence to overcome the presumption in favor of transfer before maturity, where it appears that the assignor still retained possession and control thereof after maturity, and at the times when the statements and acts occurred. The circumstance that the fourth note of the series was delivered to P. P. Anderson by the Advance Thresher Company, when paid in November, 1909, and that a part of the same payment appears as an indorsement on the fifth note, one of the notes sued upon, strongly tends to the conclusion that the Advance Thresher Company was in possession of all said notes as late as November 8, 1909. McCaffrey v. Dustin, 43 Ill. App. 34; Norton v. Heywood, 20 Me. 359; 2 Parsons on Notes and Bills,

pp. 9, 10; Snyder v. Riley, 6 Barr (6 Pa.) 164, 47 Am. Dec. 452; Hill v. Kroft, 29 Pa. 186; Henry v. Sneed, 99 Mo. 423, 12 S. W. 663, 17 Am. St. Rep. 580.

[6] Being of the view that the evidence was sufficient to show that the notes were transferred to plaintiff after maturity, we will consider the merits of the defense interposed by respondent, and whether or not such defense is available under the circumstances of the case. The evidence clearly shows that respondent, by agreement with the Advance Thresher Company, signed the notes sued upon as a surety only and not as a joint maker; that defendant P. P. Anderson was the principal debtor, who received the consideration for said notes for his sole use and benefit. This evidence went in over the objection that it tended to vary the terms of a written instrument, as the signature of respondent appeared on the face of said notes to be that of a joint maker. We are of the view that, under the circumstances of this case, the evidence was admissible. 1 Brandt on Suretyship, §§ 38, 39; Daniel on Negotiable Instruments, § 1338; Windhorst v. Bergendahl, 21 S. D. 218, 111 N. W. 544, 130 Am. St. Rep. 715; Revised Civil Code, § 1994. There may be many cases where the original payee, as well as a subsequent holder of the instrument, had no knowledge or notice that one or more of a number of apparent joint makers were in fact only sureies; and decisions under such circumstances have no applicability in this case, it appearing here that respondent was requested to sign these notes as a surety by the agents of the Advance Thresher Company, who took said notes on behalf of the company. Daniel, Negotiable Instruments, § 1338.

[7] It appears that all said six original notes, which were all for similar amounts, including the two last signed by respondent, were secured by a chattel mortgage upon the threshing machinery, and that the three first notes had been paid prior to December 12, 1907; that on said last-named date, without the knowledge or consent of respondent, the said P. P. Anderson, the principal debtor, entered into an agreement with the Advance Thresher Company to purchase a new and larger engine, and as a part of said agreement it took back from said principal debtor the other engine, securing the payment of said notes executed by respondent, at the agreed value of $1,500, and which engine, so securing said notes,

was thereafter sold and delivered by the Advance Thresher Company to a third party. A surety being exonerated in like manner with a grantor (Civil Code, § 1999), we are of the view that under the provisions of section 1986, Civil Code, respondent was exonerated and released, as such surety, from the payment of said notes, and which fact constituted a good and valid defense in favor of respondent against the Advance Thresher Company at the time said notes sued upon were transferred to plaintiff.

[8] Now, was this defense also available to respondent in this action? We are of the view that it is. Section 1994, Civil Code, provides that:

"One who appears to be a principal, whether by a written instrument or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal."

The original payee, who requested respondent to sign as surety, knew of the suretyship at the time the note was delivered to it. It was the original payee, while it was owner and in possession before maturity, that committed the acts which created and constituted the defense. This valid defense was in existence against the Advance Thresher Company at the time it transferred said notes to plaintiff. In the case of Nichols v. Parsons, 6 N. H. 30, 23 Am. Dec. 706, where a note was transferred after maturity, and by reason thereof became a discredited instrument, and after the transfer the assignee granted an extension of payment to one of the apparent joint makers, who was in fact the principal debtor, it was held that the other comaker, who was in fact a surety, was not discharged; it appearing that the subsequent holder of the note had no notice of such suretyship. In that case the court, among other things, said:

"It is true that he who takes a discredited note receives it subject to any defense which might be made to it in the hands of any previous holder. But that principle is not applicable in this case. When Ingals received the note, it was justly due. The defense is, not that the defendant then had any answer to an action on the note, but that Ingals has since, by giving day of payment to the principal, discharged the defendant."

In the case at bar, the defense existed against the Advance Thresher Company, at the time of the transfer to plaintiff, and

plaintiff was bound and required to, at his peril, make inquiry as to any defenses to the notes. Such inquiry would have revealed the. fact of the suretyship of respondent. A purchaser of. past-due negotiable paper must inquire as to all defenses in the assignor's hands. He takes it with implied notice of all defenses, and acquires no greater right than the assignor. He takes it subject to any defense arising out of the transaction in which the paper was given, which disabled his assignor, in whole or in part, to recover. Bank v. Taylor, 100 Mass. 18, 1 Am. Rep. 71, 97 Am. Dec. 70; 46 L. R. A. note, pp. 754, 757, 758, 759 to 802; Joyce, Defenses to Commercial Paper, § 239; May v. Bank, 74 Neb. 251, 104 N. W. 184; Daniel on Negotiable Instruments, § 725a.

Appellant urges as error that the trial judge, to some extent, himself examined and questioned some of the witnesses for respondent. We have examined the record in relation thereto, and are of the opinion that no abuse of judicial discretion has been shown. All assignments of error have been carefully considered.

Finding no prejudicial error in the record, the order and judgment appealed from are affirmed.