## Hill *versus* Kroft.

The amount due upon a negotiable note, may be attached in the hands of the maker; but such attachment is unavailing as against a holder to whom the note was endorsed after the attachment, and without notice thereof.

Where such note is endorsed after its maturity, a judgment in the attachment will be a good defence to an action by the holder, against the maker.

The presumption that the note was endorsed in the usual course of business and before maturity, is of the weakest kind, and liable to be rebutted by the slightest circumstances of suspicion.

That demand was made upon the maker, or the note protested for non-payment, and no suit brought for more than six months after the maturity, were sufficient to repel the presumption, and shift the burden upon the holder of proving that the paper was endorsed to him before it was due.

ERROR to the District Court of *Allegheny county.*

This was an action by H. A. Hill against Kroft & Smith, upon a promissory note, dated 15th May, 1854, payable sixty days after date to P. Clark, Jr., or bearer, for $217.50, endorsed by Clark. The plaintiff read the note and endorsement.

The defendants showed a judgment, recovered at the suit of David McCandless against P. Clark, Jr., in June 1854, and attachment execution issued on the 26th June, in which Kroft & Smith were summoned as garnishees, and a judgment rendered by default against them, which, by consent, was on the 23d December, 1854, liquidated at $217.50, being the amount of the note in suit.

The court ruled the case *pro forma* in favour of the plaintiff, and a verdict was returned in his favour for $246.86, subject to the opinion of the court on the points reserved, as follows :—

1st. Whether the endorsement of the note, being without date, must be presumed to have been made at the date of the said note.

2d. If so, whether such presumption is rebutted by the fact that the note was not protested for non-payment at maturity, and the burden thereby thrown on the plaintiff of showing that the note was, in point of fact, endorsed and delivered to him before the maturity thereof.

3d. Whether the service of the attachment in execution on the defendants, before the maturity of the note, and the judgment therein against them as garnishees, be sufficient to throw on the plaintiff the burden of showing that the said note was endorsed and delivered to him, before its maturity, for value and without notice: and whether the attachment in execution and the proceedings had therein, constitute an available defence to this action.

The court, after argument, entered judgment in favour of the defendants *non obstante veredicto.*

The plaintiff sued out this writ, and assigned that the court erred in entering judgment in favour of the defendants, on the reserved points.

[Hill v. Kroft.]

*G. P. Hamilton*, for plaintiff in error.—The doctrine of notice by *lis pendens* is not applicable to this case: Keefer v. Ehler, 6 *Harris* 388. Where it is uncertain who owns the debt, it is the duty of the garnishee to contest every inch of ground and he takes the risk of suffering judgment to go by default: Stoner v. The Commonwealth, 4 *Harris* 387. The court may open or set aside the judgment in the attachment, so that the defendant will not be injured.

The presumption in the absence of proof is, that the note was endorsed while current. The burden of proving the contrary is on the defendant. Suspicious circumstances may shift this. And in this case, it is attempted to be drawn from the want of demand, protest, and notice; and the lapse of time between its maturity and the commencement of this action. There may be good reasons why it was not protested—as the insolvency of the endorser, or the undoubted security of the acceptor or maker. The want of notice, and delay in bringing suit, are only suspicious when the delay is unreasonable and the demand stale. In Snyder v. Riley, 6 *Barr* 168, the note was due three years before suit; and in Innes v. Way, 1 *Harris*, six years. The delay here was only about six months.

But if it was overdue at the time of endorsement, is it liable to this defence? Woods v. Mitchell, 9 *M. & W.* 15; *Sto. on Prom. Notes*, § 178; *Smith's Mer. L.* 277. The defence must arise from the note itself, and not from collateral matter: Burrough v. Moss, 10 *B. & C.* 558; Whitehead v. Walker, 10 *M. & W.* 696; Caruthers v. West, 11 *Q. B.* 558; Bank v. Hunn, 3 *Harrison* 223; Chandler v. Drew, 6 *N. H. Rep.* 469; Robinson v. Lyman, 10 *Conn.* 31; Hughes v. Lorey, 2 *Barr* 103.

*J. H. Hampton*, for defendant in error.—The loss to the plaintiff in error, if any, accrues by his own neglect. Had he given notice, or made demand at the maturity of the note or within a reasonable time after, the defendant would have had notice of ownership, and could have interposed that as defence to the attachment. The judgment was entered three months after the maturity of the note. In the absence of such notice from the holder, or knowledge of the transfer, he could make no defence to the attachment. The case of Stoner v. The Commonwealth, 4 *Harris* 387, does not rule the point.

The opinion of the court was delivered by

KNOX, J.—On the 15th May, A. D. 1854, the defendants gave to P. Clark, Jr., their promissory note for the payment of $217.50, payable to him or bearer sixty days from date.

On the 26th June, 1854, an execution attachment was issued upon a judgment against Clark the payee, and the makers of the

[Hill *v.* Kroft.]

note were summoned as garnishees. Before the commencement of the present suit, and before any notice was given that the note had been transferred by Clark to Hill, judgment was obtained in the attachment suit against the garnishees for the amount of the note in question. Upon the trial of the case at bar, no evidence was given when the note was endorsed by Clark to Hill, whether before or after maturity. Nor did it appear that any demand was made upon the makers for payment, or that notice of non-payment was given to the endorser. The note matured on the 17th July, 1854, and this action was brought to April Term, 1855.

The question presented is, whether the proceedings upon the execution attachment are a defence to the present action?

It is well settled in this state, that a negotiable note not due may be attached in the hands of the maker, at the suit of a creditor of the payee or holder. And it is equally well settled, that such attachment is worthless as against a holder to whom the note had been negotiated before its maturity without actual notice of the attachment, even though the attachment preceded the endorsement. The doctrine of notice by *lis pendens* does not apply to such a case: Kieffer *v.* Ehler, 6 *Harris* 388. But if the note in question was owned by Clark when attached, and was not transferred by him to Hill until after it was due, the judgment in the attachment is a good defence to the present action. And this brings us to the real question in the cause. Upon whom was the burden of proof, to show the time of the endorsement?

Conceding the presumption that the transfer was made in the usual course of commercial business, and consequently before the day of payment, it is however clear, to use the language of Chief Justice GIBSON, in Snyder *v.* Riley, 6 *Barr* 168, "That the presumption of fairness primarily applicable to it, is not only of the slightest kind, but open to be blown away by the slightest breath of suspicion."

Promissory notes are usually purchased, it is true, before maturity; but it is also true that when the payee endorses the note to another, demand is usually made upon the maker, and if not paid, notice thereof given to the endorsers. To neglect the means necessary to charge an endorser, is as contrary to the usual course of business, and perhaps more so, as the purchase of overdue paper.

That the circumstances attending upon this case, which were, that no demand of payment was made upon the makers at the maturity of the note; that it was not protested for non-payment, and that suit was not brought for more than six months after it was due—were sufficient to shift the *onus probandi*, is conclusively settled by the cases of Snyder *v.* Riley, already quoted, and Smith & Co. *v.* Ewer & Peck, 10 *Harris* 116.

As the plaintiff did not prove that he was a purchaser for

[Hill *v.* Kroft.]

value before the note was due, the District Court were right in entering judgment upon the reserved point in favour of the defendants.

Judgment affirmed.