## Day *versus* Zimmerman.

1. A promissory note may be attached before maturity in the hands of the maker by a creditor of the payee.

2. It is a debt within the meaning of the attachment laws, and as between payee and attaching creditor, is bound by the service of the attachment on the maker.

3. The attachment is unavailing against a bonâ fide holder or endorsee for value to whom the note has been transferred before maturity, without actual notice of the attachment.

4. In such case notice from *lite pendente* does not apply.

5. D., March 1st 1866, made a negotiable note to M., payable in two years. An attachment at the suit of Z., a creditor of M., was served on D., as garnishee, November 1867. M. endorsed the note February 22d 1868 to Y. bonâ fide for value, Y. having no notice of the attachment, but knowing that M. had failed. D. paid the note to Y. *Held*, that it was discharged and D. not liable under the attachment.

March 2d 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 449, to January Term 1870.

This was a scire facias in foreign attachment by Peter Zimmerman against Israel L. Day, garnishee of Depue S. Miller; it was issued September 7th 1868. The foreign attachment was issued November 8th 1867 and served the same day. Judgment was entered against the defendant Miller on the 20th of June 1868 and the damages assessed at $416.83. Interrogatories were filed October 17th 1868 and answers November 7th. The garnishee, February 5th 1869, pleaded "*nulla bona.*"

The cause was tried, November 4th 1869, before Stroud, J. The plaintiff gave evidence that the garnishee had said in November 1867, that about March 1866 he had given the defendant his promissory note for $5000, which matured about March 1st 1868. He then closed.

For the garnishee, E. A. Depue, of the firm of Yohe & Depue, brokers and bankers in Easton, testified, that on February 22d 1868, the defendant at their banking-house offered the firm for sale or discount, a note dated March 1st 1866, drawn by the garnishee to the order of the defendant for $5000 in two years with interest. Witness gave $5450 for the note; he had no notice of any attachment or of anything wrong about the note; the note was protested for non-payment March 4th 1868. On the 5th Yohe & Depue gave to the garnishee a certificate that the note belonged wholly to them, having been endorsed by the defendant for a valuable consideration before maturity, and the defendant had no interest in it nor claim on the proceeds. The garnishee then paid the note to Yohe & Depue.

On cross-examination, witness said some time before he had

[Day v. Zimmerman.]

heard that the defendant had failed and gone to the West; he had not heard of the attachment against Miller.

The garnishee testified that he had determined to let the note go to protest: after learning from Depue how his firm came by the note, and consulting his counsel, he paid the note to Yohe & Depue upon receiving the certificate spoken of by Depue. Garnishee gave the defendant the note six or eight weeks before he left home for the West. He had bought from the defendant 200 shares of Warren Foundry stock, at $40 per share, and some land for $3500, making in all $11,500; he was endorser for defendant and bought the property to protect himself; for the purchase he gave him the $5000 note, and notes amounting to $6500 directly to defendant's creditors, and had paid all but one of small amount; the price for the stock was more than its value; he knew defendant was in business troubles, but did not know then that he was going away.

The plaintiff, in rebuttal under objection and exception, gave evidence that the defendant was largely indebted, and absconded from his residence in Stroudsburg, and that this was rumored and known in Stroudsburg.

The defendant submitted these points which the court refused:—

1. If Yohe & Depue bought the note of the defendant without actual notice of the attachment before its maturity, the payment to them by defendant was a good and valid defence to this attachment, and their verdict must be for the defendant.

2. There is no evidence that the defendant Day in any way assisted Miller in passing the note in question to Yohe & Depue.

The verdict was for the plaintiff against the garnishee for $416.83.

The garnishee removed the case to the Supreme Court and, amongst others, assigned for error the refusal to affirm his points.

*G. Junkin*, for plaintiff in error.—The presumption is, that an endorsee has received the note in the usual course of business: Snyder v. Riley, 6 Barr 164. An attachment is unavailable against a bonâ fide holder for value of a negotiable note, obtained after the attachment was served on the maker as garnishee, and after its return, before the maturity of the note, and without actual notice of the attachment. The doctrine of implied notice by *lis pendens* is not applicable in such cases: Kieffer v. Ehler, 6 Harris 388; Hill v. Kroft, 5 Casey 186; Ludlow v. Bingham, 4 Dall. 47; Maine Ins. Co. v. Weeks, 7 Mass. 439; Enos v. Tuttle, 3 Conn. 27; Huff v. Miller, 7 Yerger 42; Hinsdell v. Stofford, 11 Verm. 309; Little v. Hale, Id. 482; Eunson v. Healy, 2 Mass. 32; Grant v. Shaw, 16 Id. 341; Carlman v. Hays, 20 Pick. 132.

*J. G. Shipman* (of New Jersey) and *L. D. Vail*, for defendant

[Day *v*. Zimmerman.]

in error.—A deduction of fraud may be made not only from deceptive assertions and false representations, but from facts, incidents and circumstances which may be trivial in themselves, but decisive evidence in the case of a false design : 2 Kent's Com. 48 d, 5th edition. The neglect of Day to take proper steps to protect himself is a fraud. The money was attached in his hands; he was restrained from paying until the attachment was disposed of, and was bound to act in good faith towards the attaching creditors : Ege *v*. Koontz, 3 Barr 109.

The opinion of the court was delivered, May 8th 1871, by

WILLIAMS, J.—The law is well settled, that a promissory note is liable to be attached before maturity in the hands of the maker at the suit of a creditor of the payee. Though not due, it is a debt within the meaning of the Attachment Laws, and, therefore, as between the payee and attaching. creditor, it is bound by the service of the attachment on the maker; and if, after being attached, it remains in the hands of the payee until maturity, it is bound by the attachment as against all persons into whose hands it may thereafter come. But the attachment is unavailing as against a bonâ fide holder, or endorsee for value, to whom it has been transferred, before maturity, without actual notice of the attachment. The doctrine of notice by *lis pendens* is not applicable to such a case: Kieffer *v*. Ehler, 6 Harris 388 ; Hill *v*. Kroft, 5 Casey 186 ; and, therefore, a subsequent holder is not affected with constructive notice of the attachment.

In the case before us, the evidence shows, that Yohe & Depue purchased the note in controversy of the payee at their banking-house in Easton, shortly before its maturity, for $5450, without any notice of the attachment whatever. The fact, that they had heard that the payee had failed and gone West, was not sufficient to put them upon inquiry as to his right to dispose of the note. It was no notice of the attachment, nor of anything from which it could be inferred. It is clear then, that they took a good title to the note as against the plaintiff's attachment. There was no evidence that the defendant assisted the payee in selling the note, or that he knew of his intention to dispose of it until after the sale had taken place. Nor was there any evidence, that the defendant colluded with the payee for the purpose of enabling him to hinder or defraud his creditors. So far as the defendant's cross-examination shows, and this is all the evidence on the subject, he did not purchase the property for which the note in part payment was given, for less than its value, nor with intent to cover it up and conceal it from the payee's creditors. The defendant was clearly entitled under the uncontradicted evidence in the case, to an affirmative answer to the points which were submitted by his counsel. Instead of declining to charge as requested, the

[Day *v.* Zimmerman.]

court should have instructed the jury, that there was no evidence that the defendant, in any way, assisted the payee in passing the note to Yohe & Depue; and if they bought it without actual notice of the attachment before its maturity, the payment to them by defendant was a good and valid defence to the attachment, and their verdict must be for the defendant.

It is clear that under the law and the evidence, the plaintiff was not entitled to recover.

Judgment reversed, and a *venire facias de novo* awarded.