## Albert D. C. Bell *v.* Philadelphia Binding and Mailing Co. and Hubbard Publishing Co., Garnishee, Appellant.

*Attachment execution—Promissory notes attachable pending maturity.*

A debt owing in present but payable in future may be attached ; and a promissory note is liable to be attached in the hands of a maker before maturity at the suit of a creditor of the payee or holder but such attachment is subject to the rights of a bona fide holder for value without notice. The doctrine of lis pendens is totally inapplicable to such cases.

*Judgment not permissible on answers admitting existence of notes not due.*

A plaintiff in an attachment execution is not entitled to judgment upon answers of the garnishee, for a debt evidenced by a negotiable instrument not yet due, leaving the note afloat in the channels of business.   To permit such a judgment which would be a lien on garnishee's real estate would be a hardship for which no warrant is to be found in the decisions.

Argued Oct. 7, 1898.    Appeal, No. 84, Oct. T., 1898, by garnishee, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1897, No. 659, on garnishee's answers.    Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Reversed. Opinion by W. D. PORTER, J.

Rule for judgment on garnishee's answer.   Before the court in banc.

The following answers were filed by the garnishee to plaintiff's interrogatories :

In answer to the first interrogatory, the garnishee says that it does know the defendant.

In answer to the second interrogatory, the garnishee says that it has had business transactions with the defendant ; that at the time of the service of the writ of attachment, there was due to the defendant a balance of $110.08, payable by a four months' note ; that this balance has not been increased or diminished since the service of the aforesaid writ of attachment.

In answer to the third interrogatory, the garnishee says that in addition to the balance of $110.08 referred to in the answer to the second interrogatory, the following promissory notes had been given to the said defendant: One for $280.34 at four months, dated September 24, 1897 ; another for $238.73 at four months, dated October 8, 1897 ; and another for $238.73 at four months, dated October 18, 1897.   None of these notes are yet due, and the garnishee has no knowledge whatever as to whether any or all of said notes have or have not been negotiated, and has no knowledge as to who is the holder or holders of them. In other respects the garnishee answers the third interrogatory in the negative.

The garnishee answers the fourth, fifth and sixth interrogatories in the negative, except as set forth in the answers to the second and third interrogatories.

The court below made the following order for judgment:

[April 23, 1898.   It is adjudged that garnishees Hubbard Publishing Company have in their possession $587.54 due to the defendants, and that on the deposit with the prothonotary of two notes of garnishee dated October 8 and October 18, 1897, for $238.73 each, plaintiff shall have execution thereof less garnishee's counsel fee taxed at $25.00.] [2]

**40**        BELL *v.* BINDING AND MAILING CO.

Assignment of Error—Opinion of the Court.    [10 Pa. Superior Ct.

Garnishee appealed.

*Error assigned* among others was (2) in making the order upon the rule for judgment, reciting same.

*J. Howard Gendell,* for appellant.—Judgment cannot be entered against the garnishee unless he expressly or impliedly admits his indebtedness and liability so distinctly as to leave no doubt : Hagy v. Hardin, 186 Pa. 428.

. In Day v. Zimmerman, 68 Pa. 72, the general principle that a promissory note may be attached before maturity is conceded, but it is further ruled that the attachment is unavailing against a bona fide holder or indorsee for value, to whom the note has been transferred before maturity, although after the attachment was laid, without actual notice of the attachment, and that in such case notice from pendente lite does not apply.   This, however, only repeats numerous other decisions in this state and elsewhere.

*Frank B. Ellis,* for appellee.—Debts owing in present but payable in future may be attached : Bremer v. Mohn, 169 Pa. 91.

The fact that the debt attached is not presently demandable will not prevent judgment against the garnishee, but the judgment will be so moulded as to conform to the terms of payment : Neely v. Grantham, 58 Pa. 433 ; Maurer v. Kerper, 102 Pa. 444.

OPINION BY W. D. PORTER, J., March 23, 1899 :

The plaintiff, having obtained judgment against the defendant, an execution attachment was issued and the Hubbard Publishing Company summoned as garnishee.   Interrogatories and a rule to answer were duly served, whereupon the garnishee filed an answer admitting, (1) an absolute indebtedness to the defendant in the sum of $110.08, and (2) that it had, prior to service of the attachment, given to the defendant three promissory notes ; one for $280.34, at four months, dated September 24, 1897 ; another for $238.73, at four months, dated October 8, 1897 ; and another for $238.73, at four months, dated October 18, 1897.   None of said notes were due, and the garnishee had no knowledge whatever as to whether any or all of said notes had or had not been negotiated, nor as to who was

the holder or holders of said notes.  Upon a rule for judgment for amount admitted by this answer, the court below entered judgment against the garnishee in the sum of $587.54, and ordered that, "Upon deposit with the prothonotary of two notes of garnishees, dated October 8 and October 18, 1897, for $238.73, plaintiff shall have execution thereof."  Garnishee appealed, and now assigns for error the entry of the judgment for the sum of $587.54.

It has been earnestly urged, on behalf of appellant, that this judgment ought to be reversed because the defendant in the original judgment had, prior to the service of the attachment, executed a general assignment for the benefit of creditors.  The appellee seeks to strengthen his position by assuring us that he will be able to comply with the order of court requiring him to deposit the negotiable notes with the prothonotary, before issuing execution.  The record discloses nothing which, even in the most indirect way, tends to sustain either of these allegations of fact.  The parties are here with the issue made upon the answer of the garnishee as originally filed; there was no motion in the court below for leave to file an amended answer on the part of the garnishee, nor, on behalf of plaintiff, was there offer to cause the notes to be produced.  Upon the answer this judgment must stand if it is to be sustained.  If the facts stated in the answer are not sufficient to entitle the plaintiff to the judgment entered, then the entry was erroneous.  In such a case the court cannot go outside of the answer; the admissions, like a special verdict, form the exclusive foundation of the judgment.  If the facts stated appear to be insufficient to entitle the plaintiff to a judgment, the court should refuse judgment and discharge the rule, leaving the plaintiff at liberty to rule the garnishee to plead to issue and proceed to trial: Lancaster County Bank v. Gross et al., 50 Pa. 224.

In passing upon the sufficiency of an affidavit of defense, the court considers the question whether it states a complete defense to a cause of action set forth in the affidavit of claim or statement.  If the statement presents a good cause of action, the law, in certain cases, puts upon the defendant the burden of stating a defense under oath or, upon his default, judgment is entered against him; he fully understands the nature of the claim and his affidavit of defense is construed with strictness.

In a rule for judgment upon the answer of a garnishee the plaintiff must rely upon the admissions of the answer, which are not construed with the same strictness as an affidavit of defense.. For insufficient answers the plaintiff may except or demur, but to justify an entry of judgment upon an answer there must be a distinct admission of liability, such as leaves no doubt: McCallum v. Lockhart, 179 Pa. 427; Hagy v. Hardin, 186 Pa. 428.

There is but one question presented by this record. Did the answer of the garnishee warrant the court below in entering judgment for the amount of the two notes which had been made by the garnishee, payable to the order of the judgment debtor, but which were not yet due? It is well settled that a debt owing in the present, but not payable until sometime in the future, may be attached, the proceedings being moulded so as not to force premature payment: Fulweiler v. Hughes, 17 Pa. 440. A debt evidenced by a promissory note is liable to be attached in the hands of the maker before maturity, at the suit of a creditor of the payee or holder. "Though not due it is a debt within the meaning of the attachment laws, and, therefore, as between the payee and attaching creditor, it is bound by the service of the attachment on the maker; and if after being attached it remains in the hands of the payee until maturity, it is bound by the attachment as against all·persons into whose hands it may thereafter come:" Day v. Zimmerman, 68 Pa. 72. But in that very case it was held that the attachment was unavailing against a bona fide holder or indorsee for value to whom the note has been transferred before maturity, without actual notice of the attachment. The negotiable character of the note is not destroyed by the service of an attachment upon the·maker, at suit of a creditor of the payee; and the rights of a bona fide holder for value, who takes title without actual notice of the attachment, must prevail against those of the attaching creditor: Ludlow v. Bingham, 4 Dallas, 47; Kieffer v. Ehler, 18 Pa. 388; Hill v. Kroft, 29 Pa. 186.

In delivering the opinion of the Supreme Court, in Kieffer v. Ehler, 18 Pa. 388, Mr. Justice LOWRIE said, with regard to promissory notes: "They have a legal quality that renders the hold of an attachment upon them very uncertain. Unlike all other property, they carry their whole evidence of title on their

face; and the law assures the right of him who obtains them for valuable consideration, by regular endorsement, and without actual notice of any adverse claim, or of such suspicious circumstances as should lead to inquiry. To hold that an attachment prevents a subsequent bona fide endorsee for value from acquiring a good title, would be almost a destruction of one of the essential characteristics of negotiable paper. . . . Moreover, it would present the strange result, that the more hands such paper had passed through, and the more endorsers there were on it, the less it would be worth in the money market; for it would be subject to the more risks of attachment. . . . . The doctrine of implied notice by lis pendens is totally inapplicable to such cases." The opinion closes with the suggestion of a way in which the creditor might render secure the hold of his attachment, viz: " Certainly the negotiation of such paper by a defendant after he has had notice of the attachment is a fraud upon the law; and we think that the court from which the attachment issues has power to prevent this, by requiring the instrument to be placed in such custody as will prevent it from being misapplied; taking care that it shall be demanded at maturity, and that proper notice be given to endorsers, if necessary; and that the money, if paid, shall stand in place of the note to abide the event."

Unless some such step is taken to prevent the negotiation of the note, it might in the course of business pass through the hands of a dozen holders, and while held by each one of them his creditor might cause the debt to be attached in the hands of the maker of the note. If one of such attaching creditors is entitled to judgment against the garnishee, before the maturity of the note, without causing the paper to be impounded, then each of the others would be equally well entitled, and we would have a dozen judgments against the garnishee for the same debt, yet when the note matured not one of the attachments would take one cent, if the note had passed into the hands of a bona fide holder, without actual notice of the attachments. To enter judgment against a garnishee, upon his answer, for a debt evidenced by a negotiable note not yet due, leaving the note afloat in the channels of business, would be a manifest hardship for which we find no warrant in the decisions of our Supreme Court. The mischief does not lie in the mere entry of judgment, without

the consent of the debtor, for a debt not yet due, but the vice of the proceeding is in the entry of judgment in favor of a plaintiff whose right to recover is, and must remain, doubtful until after the maturity of the note. When a garnishee files his answer he may, or may not, know who is the holder of his outstanding commercial paper not yet due; but he certainly cannot know who is to be the holder when the paper finally matures. The doubt and uncertainty attendant upon the entry of judgment upon such an answer is illustrated in the present case; the answer admitted the making and delivery to the judgment debtor of three notes not yet due; yet the court, for no reason which appears of record, excluded one of the notes and entered judgment for the two remaining. If plaintiff was entitled to judgment upon the answer for the amount of the two notes, he was also entitled to judgment for the amount of the third. The answer of the garnishee left the right of the plaintiff, to have judgment upon his attachment, uncertain and dependent upon future contingencies not within the control of the garnishee. The court below entered judgment upon the answer, and ordered that plaintiff should have execution thereof when the two notes were deposited with the prothonotary. This suspension of the execution may have mitigated the consequences, but the judgment was a lien upon the real estate of the garnishee and would continue so to be, although the notes might never be deposited. The judgment entered was not warranted by the answer of the garnishee, which is the only ground upon which it could be sustained.

And now, March 23, 1899, the judgment of the court below is reversed, and procedendo awarded.