## Lewis, Appellant, *v.* Linton.

*Judgment—Modification of judgment after expiration of term—Stay of execution—Foreign attachment—Married women—Conflict of laws.*

Where, on the trial of a foreign attachment on a contract made in England by a married woman and to be performed there, the defendant has raised the question that her liability was limited to a certain class of her property only, and the court has decided adversely to her, and a general judgment

is entered against her, the court has no power after the expiration of the term at which judgment was entered, to stay the execution against a particular class of her property.   Her only remedy was by appeal.

Argued Oct. 14, 1902.   Appeal, No. 38, Oct. T., 1902, by plaintiff, from order of C. P. Armstrong Co., June T., 1897, No. 63, staying execution, in case of Hannah Ada Lewis, Earnest Henry Davis and Algernon Edward Sydney, Executors of Samuel Lewis, v. Elwina Linton.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Rule to stay execution as to a particular class of property.

From the record it appeared that the proceedings was a foreign attachment on a promissory note made in England by a married woman.   The defendant claimed at the trial that as to a certain class of her property she was not liable.   The ruling of the court was adverse to her claim, and a general verdict was found against her upon which judgment was entered.

After the expiration of the term at which the judgment was entered, the defendant obtained a rule to show cause why the judgment should not be modified.   On July 6, 1900, the court made the following order:

And now, to wit: it is ordered, adjudged and decreed that execution upon the judgment entered to No. 63, June term, 1897, in the court of common pleas of Armstrong county, be, and the same is hereby stayed perpetually as against any and all property in said county which was acquired by the said defendant, Elwina Linton, also known as Phœbe R. E. E. Linton, prior to January 1, 1883, excepting any and all such property as may have prior to that time been settled to the sole or separate use of said defendant, under the laws of the commonwealth of Pennsylvania.

*Error assigned* was the order of the court.

*Orr Buffington*, with him *Don C. Corbett*, for appellant.— The court was powerless after a general verdict and judgment thereon, and after the expiration of the term at which judgment was entered, to take from the plaintiff the fruits of his victory, by denying the aid of an execution in accordance with the gen-

eral lien which that judgment by its entry acquired under and by virtue of the laws of this state: Wayman v. Southard, 10 Wheaton, 1; Phillips v. Negley, 117 U. S. 665 (6 Sup. Ct. Repr. 901); Huston v. Mitchell, 14 S. & R. 307; Moser v. Mayberry, 7 Watts, 12; Hambleton v. Real Estate Title, etc., Co., 16 W. N. C. 377; Patterson v. Patterson, 27 Pa. 40; Ewing v. Tees, 1 Binney, 450; Straw v. Smith, 179 Pa. 376; Lewis v. Nenzel, 38 Pa. 222; Catlin v. Robinson, 2 Watts, 373; Fisher v. Hestonville, etc., Pass. Railway Co., 185 Pa. 602; King v. Brooks, 72 Pa. 363; Mathers's Exr. v. Patterson, 33 Pa. 485; France v. Ruddiman, 126 Pa. 257; Burrall v. Du Bois, 2 Dallas, 229; Tryon v. Carlin, 5 Watts, 371; Commonwealth v. Ramsay, 166 Pa. 642.

*Calvin Rayburn*, for appellee.—The rights and equities of the parties demand a limitation of the operation of this judgment as against the property of the defendant, concerning which she, on account of her disabilities, could not contract, and the court has authority and power to decree such limitation: Adams v. Harland, 7 W. N. C. 129; Woodward v. Carson, 6 W. N. C. 396; Neale v. Dempster, 179 Pa. 569.

The note in suit having been made in England and by a married woman, who from the facts in the case was under disabilities, the law of the place of the contract governs: Loftus v. Farmers', etc., Nat. Bank, 133 Pa. 97; McGoon v. Scales, 76 U. S. 23.

Opinion by Mr. Justice Fell, January 5, 1903:

The proceeding was by foreign attachment on a contract made in England by a married woman and to be performed there. At the trial testimony was produced to establish the liability of the defendant on this contract, and the extent thereof under the English law, and the form of a judgment that could be entered against her in England. The court was asked by the defendant to charge (1) that as the contract was made in England to be performed there by a married woman who was an English subject, the burden was on the plaintiff, in order to make the contract binding, to show that the defendant was at the time possessed of separate use property; (2) that her liability was limited to property held by her or her trustee for her sole and

separate use and situated within the kingdom of England or territory governed by the English Parliament; (3) that as defendant was married prior to the time the married woman's property act of England went into force, she was not liable in a common-law action on the contract, and could be made liable only by a proceeding in equity to charge her separate estate. These requests for charge were refused, and the only question submitted to the jury was whether the defendant was a principal or a surety. The verdict was against her and judgment was entered on it in the usual form, and no appeal was taken from it. After the term at which the judgment was entered had expired, the defendant obtained a rule to show cause why it should not be modified. After hearing the court refused to alter the form of the judgment, but made an order perpetually staying execution upon the judgment, "as against any and all property in said county which was acquired by the said defendant prior to January 1, 1883, excepting any and all such property as may have prior to that time been settled to the sole or separate use of said defendant, under the laws of the commonwealth of Pennsylvania." The appeal is from this order.

It was evidently intended by this order to give the defendant the same protection as to her property that would have been secured to her if judgment had been entered against her under the married woman's property act by an English court. Whether the order would do this or more we do not pretend to say. No objection has been made to its form, but the power of the court to make it is denied, and with this question only are we concerned. Undoubtedly a court may in the exercise of its equitable powers limit or restrain an execution, in order to preserve property of a defendant that is not liable to seizure under the judgment entered; but it is equally clear that if the question of the limitation of the judgment has been considered and decided at the trial of the cause, the court cannot after the expiration of the term deprive the plaintiff of the fruits of his victory. The only remedy is by appeal. If a question has been once judicially determined, it cannot in another proceeding between the same parties be made the subject of dispute. The rights of the parties are fixed by the judgment entered in the first proceeding. The extent to which the defendant's property had been made liable by the contract, and the nature of a

judgment that could be entered against her in an action on it, were considered and decided at the trial. Her contention was that if any liability existed, it was limited to a certain class of property, and that as to this property a liability could be fixed only by proceedings in equity to charge it. On this subject the depositions of a number of witnesses were read, and the court distinctly held that the defendant was liable generally. In pursuance of this instruction a general verdict for the plaintiff was rendered, and judgment entered thereon.

The material allegation in the petition on which the rule was granted is "that under the form of judgment provided for under the laws of England, this defendant has a full legal and equitable defense as touching her property held in fee simple in this commonwealth." No new matter has arisen that furnishes ground for equitable relief. The rule was heard and decided on testimony taken at the trial. This testimony raised the same questions then that it does now, and the decision at the trial unappealed from is conclusive. The order of the court does indirectly what admittedly could not be done directly, moulds the verdict.

The order of the court staying the execution is reversed, and the record is remitted for further proceedings.