## Davis *v.* Davis.

*Attachment execution—Garnishment—Trust and trustees.*

Where at the trial of an attachment execution it appears that the defendant in the judgment was entitled to an interest in a trust estate of which the garnishee is trustee, and it is agreed among the parties that a certain named balance was due the defendant payable out of income, and that said amount had been awarded to him by the orphans' court,

but that at the date of the garnishment and at the date of the trial there was no money in the hands of the garnishee to pay such award, the trial judge commits no error in directing a verdict for the plaintiff for the amount of the award and ordering that execution be stayed until it shall be made to appear that sufficient income has come into the garnishee's hands to pay the award.

Argued Oct. 7, 1910.   Appeal, No. 9, Oct. T., 1910, by Manayunk Trust Company, trustee, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1906, No. 872, on verdict for plaintiff in case of James R. Davis v. James A. Davis, defendant, and Manayunk Trust Company, trustee under will of William H. H. Davis, deceased, garnishee. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.   Affirmed.

Attachment execution.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $197.91.

*Error assigned* was in directing a verdict for the plaintiff.

*Francis S. Cantrell, Jr.,* with him *Francis S. Cantrell,* for appellant, cited: Day v. Life Ins. Co., 111 Pa. 507; Poor v. Colburn, 57 Pa. 415; Bonnaffon v. Thompson, 83 Pa. 460; Longwell v. Hartwell, 164 Pa. 533; Silverwood v. Bellas, 8 Watts, 420; Raiguel v. McConnell, 25 Pa. 362; Excelsior Brick Co. v. Gibson, 21 W. N. C. 32.

*Stanley Bennett,* with him *Willis B. Heidinger,* for appellee.

Opinion by Porter, J., April 17, 1911:

This is an appeal by the Manayunk Trust Company, trustee under the will of William H. H. Davis, deceased, garnishee, from a judgment entered upon a verdict, after trial in the court below.   The plaintiff had obtained a judgment against James A. Davis and upon that judgment

issued an execution attachment which was served upon the defendant in the judgment and upon this garnishee on September 28, 1907. There is nothing in the record or agreement as to the facts which was filed in the court below which discloses the provisions of the will of William H. H. Davis, or throws any light upon the character of the trust created by that will and under which the garnishee was acting. We must, therefore, assume in the absence of any evidence to the contrary that there was nothing in the character of the trust estate which exempted the interest of James A. Davis therein from liability to be taken in execution for his debt. The material facts which were agreed upon in the court below, probably for the purpose of avoiding the inconvenience of producing the evidence, are as follows: "Under the provisions of said will, James A. Davis, defendant herein, is entitled to one-third of the income of said estate for life with remainder over. That there is due the said James A. Davis, defendant, a balance of $197.91 payable out of income in addition to his life interest. Said amount was awarded to said defendant by adjudication of the orphans' court of Philadelphia county, on December 27, 1906. That at the date of the attachment and date of filing plea, and up to the present time, there is and has been no money in the hands of the garnishee to pay said James A. Davis either on account of the award made to him by the orphans' court or on account of income due him as said life tenant." The court below, upon this agreement as to the facts, refused to charge as requested by the garnishee that: "Upon the whole evidence, the jury should find a verdict for the garnishee," to which ruling the garnishee excepted, and that is the only exception presented by this record. The jury rendered a verdict for the plaintiff and against the garnishee in the sum of $197.91, the court overruled a motion by the garnishee for judgment non obstante veredicto, and entered judgment upon the verdict in the following form: "That the said garnishee has in its hands and possession rights and credits owing and belonging to the

defendant James A. Davis, amounting to $197.91; execution on said judgment to be postponed, however, until it shall appear to the court that sufficient income has come into the garnishee's hands to pay the said judgment." The garnishee appeals and the only question, upon the record as presented, is whether the court erred in refusing the request of the garnishee for binding instructions.

The judgment was entered against the garnishee as "trustee under the will of William H. H. Davis, deceased," and the trust company cannot under any circumstances be required to pay this judgment out of its own property. The effect of the service of the execution attachment upon the garnishee was to put the plaintiff into the place of James A. Davis, the defendant, with regard to any claim he held against or interest which he had in the trust estate, in the hands of the trustee. Did the facts agreed upon establish that the judgment defendant had any claim against or interest in the trust estate, which was liable to attachment? The facts agreed upon established "That there was due James A. Davis, the defendant, a balance of $197.91, payable out of income, in addition to his life interest." And further that that amount had been "awarded to him by adjudication of the orphans' court of Philadelphia county;" and that said amount had not been paid. It is conceded that the orphans' court had jurisdiction of the trust estate and of the parties interested therein when it entered the above-stated decree.

A court of competent jurisdiction has judicially determined that the judgment defendant was entitled to receive from this trust estate a specific sum of money. This conclusively settled the question that the amount was then due and owing: Lex's App., 97 Pa. 289. That decree also determined that for some reason, probably the provisions of the will, this claim against the trust estate could not be taken out of the principal of the fund, but must be paid out of the income. Any interest which a judgment debtor may have in a decedent's estate, unless by the provisions of the will protected from liability for his debts, is subject

to attachment execution, whether converted or unconverted: Fenton, Trustee, v. Fisher, 106 Pa. 418. The right to receive a specific sum out of the income of a trust estate is liable to execution attachment: Bremer's Sons v. Mohn, 169 Pa. 91. The mere fact that the garnishee can only be called upon to pay out of a particular fund or in certain specific securities, does not exempt the claim from attachment: King, Brown & Co. v. Hyatt, 41 Pa. 229; nor does the fact that the garnishee cannot be called upon to pay until some time in the future: Day v. Zimmerman, 68 Pa. 72. The attachment in this case did not alter the quantity of the rights and duties of the garnishee, as trustee under the will of William H. H. Davis; but only transferred to the plaintiff the rights which before were due to the defendant in the judgment; it merely substituted the plaintiff instead of James A. Davis. The court below did not permit a recovery against the garnishee, as trustee, for anything in excess of the amount which the orphans' court had already decreed to be due from the trust estate to the judgment debtor. The attachment execution had accomplished its purpose when the judgment was entered against the garnishee. The attaching creditor then stood in the shoes of his debtor and was armed with the necessary authority to demand and receive of the trustee the sum which the debtor had been entitled to receive from the source indicated by the decree of the orphans' court. There was no error in the refusal of the court below to give binding instructions in favor of this appellant. This case is ruled by the decision of the Supreme Court in Ellwanger v. Moore, 206 Pa. 234. The specifications of error are overruled.

The judgment is affirmed.