## Clauss, Sheriff, v. Ainey et al., Appellants.

## Clauss, Sheriff, v. Karol, Appellant.

*Foreign attachment—Dissolution—Surety—Judgment — Bankruptcy—Form of judgment—Sureties on recognizance—Intervening.*

1. Where a foreign attachment has been dissolved by the entry of security, plaintiff may proceed to judgment against the defendant, even though the latter has been discharged in bankruptcy.

2. The judgment should be so limited in form, however, as simply to enable plaintiff to reap the benefit of his attachment; but, if it is general in form, the sureties on the recognizance to dissolve are not injured thereby, and hence cannot be heard to complain of it.

3. Where a foreign attachment, issued to recover the amount due on a contract, is dissolved by the entry of security, the action thereafter proceeds as if it had been commenced by a summons in assumpsit.

4. Under such circumstances, plaintiff may enter a judgment against the defendant for want of an affidavit of defense, as in other cases.

5. In a suit against a surety on a recognizance, given to dissolve a foreign attachment, plaintiff is entitled to recover the amount of the judgment in the foreign attachment suit, with interest and costs, unless a defense, arising subsequently to the entry of such judgment, is duly made to appear.

6. If credits should have been allowed in the foreign attachment suit, but were not, the surety on the recognizance has a right to intervene and defend pro interesse suo.

Argued February 4, 1924. Appeals, Nos. 75 and 76, by defendants, from orders of C. P. Lehigh Co., April T., 1922, Nos. 83 and 84, making absolute rules for judgment for want of sufficient affidavits of defense, in cases of Wm. F. Clauss, Sheriff of Lehigh County, to use of the Finance Trust, v. Wm. H. Ainey, and Same v. Gabriel Karol. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

[1924.].          Arguments—Opinion of the Court.

Assumpsit in each case on sci. fa. sur recognizance in foreign attachment proceedings.

Rule for judgment for want of sufficient affidavit of defense. Before GROMAN, P. J.

The opinion of the Supreme Court states the facts.

Rules absolute. Defendants appealed.

*Errors assigned* were orders, quoting them.

*Dallas Dillinger* and *Edwin K. Kline,* for appellants, cited: Raymond v. Leishman, 243 Pa. 64; Keystone Brewing Co. v. Canavan, 221 Pa. 366; Penna. R. R. v. Pennock, 51 Pa. 244; Hunter v. Bremer, 256 Pa. 257; Parry v. Bank, 270 Pa. 556; Mindlin v. Spinning Co., 261 Pa. 354; Metcalf v. Barker, 187 U. S. 165.

*Robert L. Stuart* and *Ward C. Henry,* for appellee, cited: Cambria Auto Co. v. Frischkorn, 54 Pa. Superior Ct. 268; Finance & G. Co. v. West Auburn C. Co., 69 Pa. Superior Ct. 261; People's B. L. & S. Assn. v. Berlin, 201 Pa. 1; Metzger's Est., 242 Pa. 69; Bank v. Poore, 231 Pa. 362; First N. Bank, Wrightsville, v. Dissinger, 266 Pa. 349; Hay v. Hillegass, 275 Pa. 497; U. S. Wind Engine & P. Co. v. Iron Co., 227 Pa. 262; Hill v. Harding, 130 U. S. 699.

OPINION BY MR. JUSTICE SIMPSON, March 3, 1924:

The Finance Trust, the use-plaintiff herein, issued two writs of foreign attachment against the Star Stores, Inc., a corporation of the State of New York, which thereupon gave the sheriff a recognizance to dissolve the attachments. Judgments for plaintiff, subsequently recovered in those suits, were not paid; the sheriff then assigned the recognizances to use-plaintiff, which brought the present actions on them, against the sureties only. Similar affidavits of defense, filed in the two cases, were held insufficient, judgments were entered for plaintiff, and the defendants appealed separately. The same questions

are raised in each appeal, and a single opinion will, therefore, suffice for both.

It is urged that the judgments in the foreign attachment suits were improper, because entered after the Star Stores, Inc., was adjudicated a bankrupt. This is incorrect, however. We said in United States Wind Engine & Pump Co. v. North Penn Iron Co., 227 Pa. 262, 266, quoting from Hill v. Harding, 130 U. S. 699: "Such attachments being recognized as valid by the bankrupt act, a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachments." It is true that the judgments, in the original proceedings here, are not "limited in form"; but this is immaterial, so far as concerns these appellants.

It is next contended that those judgments were void under the Act of May 10, 1889, P. L. 183, because taken for want of affidavits of defense, before the expiration of the "third term of the court after the execution of the writ." This provision of the statute only applies, however, to judgments "for default of appearance, unless the attachment before that time be dissolved." Here there was no default of appearance, and the attachments were dissolved. The purpose of all such proceedings is to compel an appearance (Mindlin v. Saxony Spinning Co., 261 Pa. 354); and, when the defendant appears and dissolves the attachment by the entry of security, it is provided that "the action shall proceed in due course, in like manner as if the same had been commenced by a writ of capias ad respondendum" (section 62, Act of June 13, 1836, P. L. 568, 583; Bergman v. Straus, 264 Pa. 439); which, since the abolishment of imprisonment for debt, means that actions on contracts, as these were, shall proceed as if commenced by a summons in assumpsit. Under such circumstances, the defendants being in court, and the judgments to be recovered being in personam

(Albany City Insurance Co. v. Whitney, 70 Pa. 248), no reason existed for waiting until after the third term.

It is also stated in the affidavits of defense in the present actions, that before the recovery of the judgments in the foreign attachment suits, use-plaintiff had received in the bankruptcy proceedings against the Star Stores, Inc., and also in similar proceedings against Simon Ginsberg & Sons, Inc., (who were alleged likewise to be liable in connection with the causes of action in the foreign attachment suits), certain cash and notes, which should have been, but were not, credited when the damages were assessed in those actions; for this reason appellants claim the right to set them off in the present cases. If they should have been so credited, the remedy is not by attacking these judgments collaterally, but by taking direct proceedings to have the amounts reduced. While in full force and effect, the record thereof concludes the sureties, especially in official bonds, as here, (Giltinan v. Strong, 64 Pa. 242; Com. v. Fidelity & Deposit Co. of Maryland, 224 Pa. 95, 102), for the obvious reason that this is exactly what the suretyship contracts provide for. By each of these recognizances, one of the defendants herein became liable "for the payment of the debt or damages, interest and costs that may be recovered against the Star Stores, Inc., in the above numbered cause of action." Hence, those judgments, with interest and costs, conclusively determine the amount of the judgments in the present case.

It is of course true, that the payments referred to should have been so credited, if they were in fact made on account of the causes of action in the original suits; and, despite the entry of the judgments on the recognizances, and our affirmance of them, this ought still to be done, voluntarily by appellee, but compulsorily by the court below, if it is not done willingly. We do not say that any of those payments were proper credits; on this subject we have no knowledge. We do say, however, that these sureties, who are now the only persons af-

fected by the default judgments in those cases (United States Wind Engine & Pump Co. v. North Penn Iron Co., supra), are entitled to intervene therein pro interesse suo, and to apply for their opening and the reduction of the assessment of damages. That this may be done by appropriate proceedings, if appellants are so advised, we give leave to the court below to stay execution on the judgments now affirmed, and to abate the amounts thereof, if those in the foreign attachment suits are first properly reduced.

The judgments of the court below are affirmed, with leave as hereinbefore set forth.