Christian et al., Exrs., to use, Appellants,
*v.* Bennett, Admrx., et al.

Argued October 3, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Albert C. Hirsch,* with him *Cresswell S. Shumaker* and *Watson & Freeman,* for appellants.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellee, appearing specially.

OPINION BY MR. JUSTICE LINN, November 26, 1934:

Plaintiffs complain that their foreign attachment was quashed. It appears by the statement of claim that the proceeding is founded on a judgment obtained in a court of West Virginia in an action of covenant. The certified record of the West Virginia proceeding recites that defendant was served personally, appeared and participated in the trial, and that the court, on September 5, 1930, found for the plaintiff in the sum of $8,500, saying: "It is therefore adjudged and ordered by the court that the plaintiff James A. Paisley do recover of and from the defendant S. A. Williams the sum of $8,500, with interest thereon from this date until paid, and costs. The foregoing judgment order is subject to the agreement of September 4, 1930, between said James A. Paisley and said S. A. Williams, pending which enforcement of said order shall be stayed."

Defendant, appearing specially for the purpose in the court below, moved to quash the attachment, because the record disclosed that execution on the judgment had been conditionally stayed in West Virginia. The court quashed the writ on the ground that "no judgment unliquidated in amount and conditional in its terms can support a foreign attachment." The order appealed from must be reversed. The West Virginia judgment was liquidated and unconditional, although execution was stayed, and full faith and credit must be given to it: Article IV, section 1, of the federal Constitution, 28 USCA, section 687; Roche v. McDonald, 275 U. S. 449.

Foreign attachment lies "in all actions ex contractu" (Act of June 13, 1836, P. L. 568, section 44, and supplements, 12 PS, section 2891), and compels appearance by

the nonresident defendant (Clauss v. Ainey, 279 Pa. 534, 536, 124 A. 183; Kennedy v. Schleindl, 290 Pa. 38, 137 A. 815), or subjects his property to the procedure prescribed in the statute in default of appearance. A judgment obtained in a court of another state is within the statute: German Trust Co. of Davenport v. Plotke, 274 Pa. 483, 118 A. 508. In considering the motion to quash, the exemplification of the West Virginia record must be regarded as conclusive that the defendant is bound to pay to the plaintiff $8,500 with interest and costs: Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 133. On a proper showing, therefore, the plaintiff is entitled to similar judgment in this State; the stay of execution is no bar to his right to such adjudication. The court in which a judgment is entered may, in the exercise of its equitable power, retain control of the execution: Davis v. Davis, 46 Pa. Superior Ct. 358; Lewis v. Linton, 204 Pa. 234, 53 A. 999. "The judgment of a court 'may be complete and perfect and have full effect independent of the right to issue execution' ": Michigan Trust Co. v. Ferry, 228 U. S. 346, 356.

It may be noted that, so far as appears at this stage of the proceeding, the defendant will be entitled in the court below to the benefit of the conditions on which the stay of execution was granted by the West Virginia court. But, as those conditions are not set forth at length in the judgment, they may, if material, be proved at the trial like any other relevant fact (compare Roche v. McDonald, supra, at 455), and, if necessary, the statement of claim may be amended to give notice of the conditions proposed to be shown: Frankel v. Donehoo, 306 Pa. 52, 55, 158 A. 570. These questions may, of course, never arise, depending on the action of defendant, which cannot now be anticipated. As there was no defect in the record rendering the proceeding fundamentally irregular and void, it was error to quash the writ: Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 478, 116 A. 372.

Order reversed with a procedendo.