## Posch et ux. v. Jacobus

*John A. Faller, Jr.,* for plaintiffs.
*Joseph L. Kramer,* for defendant.

SHUGHART, P. J., April 28, 1952.—The above-captioned action in trespass was instituted by the issuance of a writ of foreign attachment on May 25, 1950. The action arose out of a collision between a motor vehicle operated by plaintiff John J. Posch with one operated by defendant. Plaintiff Helen M. Posch was a passenger in the Posch car. Pursuant to the writ, a Ford automobile was attached in the hands of the Central Garage, the garnishee. On August 30, 1950, plaintiffs filed a paper entitled "affidavit of cause of action and complaint."

On October 6, 1950, an appearance was entered for defendant. At the same time a præcipe was filed for a writ to join plaintiff John J. Posch as an additional defendant. Defendant also filed at this time an answer and counterclaim. Service of the last two pleadings was accepted by counsel for plaintiffs, in which acceptance, however, the right to attack the propriety of both of them was reserved.

On November 29, 1950, John J. Posch filed an objection in the nature of a motion to strike off the præcipe for the writ to join him as an additional defendant, and has filed a separate motion to strike off the counterclaim filed as a part of defendant's answer.

These matters have been argued and are now before the court for disposition.

In behalf of plaintiff John J. Posch it is contended that it is improper to join a party as an additional defendant in an action in trespass begun by foreign attachment, and further he cannot be joined as an additional defendant since he was a party to the action when the præcipe was filed.

The primary intent of a proceeding in foreign attachment is to compel defendant to appear and defend the action instituted against him: Ionian Bank, Ltd., v. Mamatos et al., 340 Pa. 52; Mindlin et al. v. Saxony Spinning Co. et al., 261 Pa. 354; Clauss, Sheriff, v. Ainey et al., 279 Pa. 534. Section 64 of the Act of June 13, 1836, P. L. 568; 12 PS § 2966, provides that if a defendant in a foreign attachment proceeding shall "cause an appearance to be entered for him . . . the action shall proceed as if commenced by a summons."

Had this action been instituted by a summons in trespass, Pa. R. C. P. 2252(a) would have permitted the joinder of an additional defendant. In this case, since defendant has entered an appearance in this action, instituted by foreign attachment, section 64

clearly gives him the same right to join an additional defendant.

Pa. R. C. P. 2252 (*a*) provides, inter alia, however: "In any action the defendant . . . may file as of course a præcipe for a writ to join as an additional defendant any person *not a party to the action* . . . ". (Italics supplied.)

Where the proposed additional defendant is a party to the action, then the proper procedure is for defendant to first secure a severance of the action and then join plaintiff in one of the severed actions as an additional defendant in the remaining action: Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161; Judge et al. v. Lang, 43 D. & C. 511; Haney et al. v. Zimmerman, 42 D. & C. 716; Goodrich-Amram, Procedural Rules, sec. 2252 (*a*)-4, p. 15. Since this procedure was not followed, the præcipe to join John J. Posch as an additional defendant must be stricken off.

Prior to the adoption of the Rules of Civil Procedure it was held that where a general appearance was entered in an action instituted by foreign attachment, the provisions of section 64 of the act, supra, permitted plaintiff to enter a judgment against defendant for want of an affidavit of defense, before the expiration of the third term of court after the execution of the writ. Clauss, Sheriff, v. Ainey et al., 279 Pa. 534. It was also held that after an appearance was entered in a foreign attachment, a statement of claim could be amended as in an ordinary action: Pulling v. Yeager, 301 Pa. 7.

The entry of an appearance had the effect of bringing the action under the provisions of the Practice Act of 1915 for all purposes. Therefore, although we have been cited no case holding that a counterclaim may be filed in an action begun by foreign attachment, it is clear that such a pleading was allowable under the former practice, as well as the present practice, as

provided by Pa. R. C. P. 1046. It is likewise evident that this result is contemplated by the proposed Rules of Civil Procedure relating to Foreign Attachment, 1151-1172.

And now, April 28, 1952, at 10 a.m. (D. S. T.), the objection in the nature of a motion to strike off the præcipe for a writ to join John J. Posch as an additional defendant is sustained, and the præcipe is stricken from the record. The motion to strike off the counterclaim is overruled, and plaintiff John J. Posch is given 20 days from the date of this order to file an answer thereto, if he so desires.