## Horbach *against* Huey.

The several members of a firm cannot transfer to one of them their separate interests in a joint debt, so as to enable him to sue and recover it in his own name.     The original relation of debtor and creditor cannot be changed without the consent of the debtor.

ERROR to *Westmoreland* county.

This was an action of *assumpsit* by Abraham Horbach against John Huey, for money had and received.     James Moorhead, Silas Moore and the plaintiff had been partners in a line of stages, for whom the defendant kept a stage-office and received money, for which this action was brought.     The stock on that part of the road where the defendant lived, belonged to the plaintiff; and upon the settlement of the accounts of the firm, the money due by the defendant was ordered to be paid to the plaintiff; and upon his refusal to pay it, this action was brought.     The court below (Young, president) decided that the action could not be maintained in the name of the plaintiff alone.

*Alexander,* for plaintiff, cited, Newbold *v.* Wright, 4 *Rawle* 210 ; 1 *Watts* 279 ; 1 *Chitt.* 6, *note* ; Austin *v.* Walsh, 2 *Mass. Rep.* 401 ; Baker *v.* Jewell, 6 *Mass. Rep.* 460 ; 3 *Caines* 56 ; 8 *Cranch* 50.

*White,* for defendant in error.

PER CURIAM.—The money originally belonged to all the members of the company, and was consequently received to their use.     Can they change the original relation of debtor and creditor without the debtor's consent, and transfer their separate interests by assignment, so as to consolidate them in one of them?     It is said that such a trans-

[Horbach v. Huey.]

fer is an assignment, not of a *chose in action*, but of the money as a chattel; and that the resulting promise follows the nature of the ownership.   That would, however, require the implication of a new promise at every transfer, for which we have no authority in the books.   But it is a fallacy to say that the members of the company had a specific property in the money as a chattel.   They could not have followed it had it been paid away *bona fide;* and they consequently had but a right of action to demand it as so much had to their use. The furthest a court has gone was to sustain an action by one of several joint creditors, where the others had been paid their respective shares.   But the interests were separated by the consent of the debtor, and the law may well imply a second promise corresponding with a separation produced by himself.   Such a separation is equivalent to an express promise, which would undoubtedly sustain an action; and was so held in Bunn *v.* Morris, 1 *Caines's Rep.* 54. There was, however, no such severance by consent of the defendant here, and the action was clearly misconceived.

Judgment affirmed.