| 216 | 622 |
| 218 | 498 |

# Whitney *v.* Haskell, Appellant.

*Pleading—Assumpsit—Statement—Waiver of tort—Deceit.*

In an action of assumpsit where the statement contains two counts, there is no misjoinder of counts, where one count alleges failure of consideration in a contract, and the other alleges a right to rescind the contract by reason of false representations which induced it.

*Practice, C. P.—Pleading—Misjoinder of counts—Demurrer.*

An objection to the inconsistency of two counts in a narr. must be taken advantage of by demurrer; it will not be inquired into on error.

*Mines and mining—Mining claims—Location—Discovery of vein—Question for jury.*

In an action to recover back the purchase money for mining claims sold by defendant to plaintiff, on the ground that they were never legally located, the question whether there had been a discovery of a vein or lode within the limits of the claim, before its location as required by the act of Congress, is one of fact for the jury and not of law for the court.

*Evidence—Explanation of written agreement.*

Where a written agreement is offered in evidence by defendant as part of the cross-examination of plaintiff, and witnesses are interrogated by defendant as to their understanding of its form and effect, and as to what they meant by it, and the court is not asked to construe it as a matter of law, the defendant has no right to object to the plaintiff submitting to the jury his understanding of the agreement.

Argued Oct. 31, 1906. Appeal, No. 89, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co.,

Dec. T., 1902, No. 993, on verdict for plaintiff in case of Louis B. Whitney v. Frank Haskell. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover back money paid for mining claims. Before BROWN, J.

From the record it appeared that on April 19, 1902, Frank Haskell sold to Louis B. Whitney as trustee, by a written contract, certain quartz lode gold mining claims in the Thunder Mountain mining district, state of Idaho. Plaintiff alleges that he executed this contract upon the faith and representations made to him by the defendant, and by William McKinley, the alleged agent of the defendant, that the mining properties were quartz lode gold mining claims, that they were duly located by discovery holes, and that fifty pan tests had been made showing gold running from $3.00 to $15.00 per ton. These representations the plaintiff alleged he subsequently discovered were false, and therefore claimed the right to rescind the contract and demand the return of his money.

Plaintiff presented these points:

1. If no vein, lode, ledge or rock in place bearing gold was ever found in the discovery holes of the Sunset or Sunset Fraction claims, the plaintiff had the right to rescind the contract for the purchase of these claims if he used due diligence to discover this fact, and rescinded it promptly on learning this fact. *Answer:* Affirmed. [2]

2. In order to make a valid location of a quartz gold mining claim, a vein or lode filled with rock in place bearing gold must be discovered. It is not enough to discover detached pieces of quartz or mere bunches of quartz not in place. *Answer:* Affirmed. [3]

Defendant presented these points:

1. That the plaintiff has joined in this suit two distinct incongruous causes of action, to wit: An allegation that defendant agreed to sell to plaintiff certain mining claims as described in the agreement between the parties, and that he had no such claims to convey in which particulars no fraud or misrepresentation is alleged, but merely failure of consideration, and an allegation that plaintiff was induced to purchase the

mining claims in question by false and fraudulent misrepresentations as to their richness in gold ; that the first cause of action sounds in contract and the second is tort, and, therefore, cannot be joined ; and plaintiff, therefore, cannot recover. *Answer :* Refused. [4]

2. That under all the evidence in the case the plaintiff is not entitled to recover upon the allegation that the consideration for the mining claims in question failed as between him and the defendant. *Answer :* Refused. [5]

3. That the plaintiff has not shown any such failure of title in the defendant to the mining claims in question as would entitle him to recover on that ground. *Answer :* Refused. [6]

9. That the only material fact (*a*) tending to show fraud given in evidence in this case is the allegation that McKinley, alleged to be defendant's agent, stated that fifty pan tests had been made, some showing gold at the rate of from $3.00 to $15.00 per ton, which statement is alleged to have been concurred in by the defendant at the closing of the contract as options of sale, and if the jury believe that the statement was not made as a fact within the knowledge of said McKinley, or of said defendant, but was a mere statement as to a report made by Saxman, then plaintiff cannot recover, even though the jury may find that only four pan tests were made by Saxman, yielding very small traces of gold, unless the jury further find that Saxman never made the statements to McKinley which it is alleged McKinley made to plaintiff. *Answer :* (*a*) If this statement were correct (namely, that there is but one material fact tending to show this fraud), it would be affirmed ; but, as there are several matters of fact on the question of fraud to be passed upon by the jury, it is refused. [7]

13. That there is no sufficient evidence of any false or fraudulent representations upon which the plaintiff is entitled to recover. *Answer :* Refused. [8]

14. That under all the evidence the verdict must be for the defendant. *Answer :* Refused. [9]

The court charged in part as follows :

[The plaintiff's right of action, or right of rescission and right of recovery, if he is entitled to recover as he claims, runs along two lines. One right upon which he claims the right to

rescission is a right based upon the contract, the deed, which provided for a good title as to all parts except the government of the United States. That meant a good title, not to a mere bit of property out there, a mere waste piece of property, but to a property containing a quartz lode gold vein, or, in substance, that is the idea. . . . So that there are two lines, one line based upon the deed and allegation of fraud, the other based upon representations which sound in fraud.] [10]

Verdict and judgment for plaintiff for $17,325. Defendant appealed.

*Errors assigned* were (1) in refusing to require the plaintiff to elect whether he would proceed on the allegation as to fraudulent misrepresentation contained in his statement, or upon the allegation of the failure of consideration; (2–10) above instructions, quoting them.

*John S. Ferguson,* with him *D. E. Mitchell,* for appellant. —Plaintiff cannot join in one action a count to recover money paid on the ground of failure of title to property for which the money was paid and a count to recover damages for an alleged fraudulent representation as to the property conveyed: Dodge v. Glemdenning, 10 N. Y. St. Rep. 8; McNair v. Compton, 35 Pa. 23; Wood v. Anderson, 25 Pa. 407; Finley v. Hambest, 30 Pa. 190; Noble v. Laley, 50 Pa. 281; Erie City Iron Works v. Barber, 118 Pa. 6; Penna. R. R. Co. v. Zug, 47 Pa. 480.

Under the evidence there was no failure of title: Butte Hardware Co. v. Frank, 25 Mont. 344 (65 Pac. Repr. 1); Burke v. McDonald, 3 Idaho, 296 (29 Pac. Repr. 98); Shreve v. Copper Bell Mining Co., 11 Mont. 309 (29 Pac. Repr. 315); Jupiter Mining Co. v. Bodie Consolidated Mining Co., 11 Fed. Repr. 666; Erhardt v. Boaro, 113 U. S. 527 (5 Sup. Ct. Repr. 560).

In form, this action was in assumpsit, yet in substance it was an action of deceit, and was based upon two distinct propositions, (a) failure of title as already discussed, and (b) fraudulent representations as to the showing of the mining claims. In order to recover on the second proposition, it was absolutely necessary for the plaintiff to show that the defend-

ant made representations knowing them to be false, or that he made such representations without belief in their truth, or that he made them recklessly, careless whether they were true or false: Derry v. Peek, L. R. 14 Appeal Cases, 337; Lord v. Goddard, 54 U. S. 198; Union Pac. Ry. Company v. Barnes, 64 Fed. Repr. 80; Hindman v. Bank, 112 Fed. Repr. 931.

The attention of the court is called to the following authorities for the principle that the fact of agency must first be proved before statements of agents are admitted as evidence: Hays & Wick v. Lynn, 7 Watts, 524; Jordan v. Stewart, 23 Pa. 244; Mechem on Agency, sec. 716.

It is well established in Pennsylvania that an agent cannot recover commissions if he deals with the third party unless his principal clearly waives the rule of public policy by express agreement. This is true even if the principal received the price asked and no fraud was intended: Rice v. Davis, 136 Pa. 439; Cannell v. Smith, 142 Pa. 25; Pratt v. Patterson, 112 Pa. 475; Finch v. Conrade, 154 Pa. 326; Wilkinson v. McCullough, 196 Pa. 205; Lardner's Est., 16 W. N. C. 51.

*William Watson Smith*, with him *George B. Gordon*, for appellee.—That the discovery of a vein or rock in place, bearing gold, is a condition precedent to a valid location is held by all the authorities: Upton v. Larkin, 5 Montana, 600 (6 Pac. Repr. 66); Jupiter Mining Co. v. Bodie Consolidated Mining Co., 11 Fed. Repr. 666; Waterloo Mining Co. v. Doe, 56 Fed. Repr. 685; Book v. Justice Mining Co., 58 Fed. Repr. 106; Bryan v. McCaig, 10 Colorado, 309 (15 Pac. Repr. 413); Erhardt v. Boaro, 113 U. S. 527 (5 Sup. Ct. Repr. 560); Eureka Case, 4 Sawyer 302; Mt. Diablo Mill & Mining Co. v. Callison, 5 Sawyer, 439.

No vein or ledge of gold-bearing rock in place was ever discovered in either of these alleged claims.

Where one person induces another to enter into a agreement with him by a material representation which is untrue, it is no defense to an action to rescind the contract that the person to whom the representation was made had the means of discovering, and might, with reasonable diligence have discovered, that it was untrue: Redgrave v. Hurd, L. R. 20 Chancery Div. 1; Lake v. Weber, 6 Pa. Superior Ct. 42;

Braunschweiger v. Waits, 179 Pa. 47; Nowell v. Chipman, 170 Mass. 340 (49 N. E. Repr. 631).

If McKinley was Haskell's agent, then Haskell was bound by his representations, and Whitney had the right to rescind the contract on learning that the representations were false, and it matters not whether or not the agent had authority from Haskell to make these false representations: Meyerhoff v. Daniels, 173 Pa. 555; Griswold v. Gebbie, 126 Pa. 353; Singer Mfg. Co. v. Christian, 211 Pa. 534; Stewart v. Climax Road Machine Co., 200 Pa. 611; Central Penna. Telephone, etc., Co. v. Thompson, 112 Pa. 118.

OPINION BY MR. JUSTICE POTTER, January 7, 1907:

The statement of claim in this case avers two causes of action. First, that the mining claims sold by defendant to plaintiff were never legally located, and, therefore, were not owned by defendant, and consequently there was a total failure of consideration. Secondly, the plaintiff had been induced to enter into the contract by the false representations of one McKinley, who was alleged to be defendant's agent, and the plaintiff was, therefore, entitled to rescind the contract, and reclaim the purchase money paid.

It is urged by appellant's counsel, that there was a misjoinder of counts. We do not think the point is well taken. Both counts here are in assumpsit. Plaintiff waives the tort and sues to recover, not damages for the deceit, but the amount of the consideration paid by him under the contract which he rescinded.

In Pearsoll v. Chapin, 44 Pa. 9, a leading case, Chief Justice LOWRIE said: "The special count claims for a rescission provided for by a contract, and the other for a recission because of the fraud; and this is something like a suit on a note, with a cautionary count for the goods sold and delivered, being the consideration of the note, so that failing on the note the party may claim for the goods given for it. We cannot say that this is wrong. One count for damages for the fraud and one for a recission would be repugnant: Cooke v. Munstone, 4 B. & P. 351. Nor was it erroneous in the court to say that the plaintiff may waive the action of tort for the deceit, and sue in assumpsit for the money which he paid on the contract, or which

the defendant has received under it. . . . If he wants more than mere rescission, he must sue for damages for the deceit."

In Humbird v. Davis, 210 Pa. 311, our Brother MESTREZAT said: "This was assumpsit for money had and received and we think the action was properly brought. Under the finding of the jury the defendants unlawfully and fraudulently received the money of the plaintiffs and hence have no right to retain it. The plaintiffs, waiving the tort, brought this action to recover the money of which they had been fraudulently deprived. The action lies on the implied promise to repay the sum unlawfully withheld." Citing 2 Greenleaf's Evidence, secs. 102, 120.

But in any event, the objection comes too late. An objection to the inconsistency of two counts in a narr. must be taken advantage of by demurrer; it will not be inquired into on error: Martin v. Stille, 1 Whart. 337; Schmidt v. Owens, 10 W. N. C. 5.

In Burkholder v. Beetem, 65 Pa. 496, Justice SHARSWOOD says: "There were several counts in the declaration, some in form ex contractu, and one in tort. At the opening of the cause the court required the plaintiff to elect on which counts he would proceed. The plaintiff then elected to proceed on the counts in assumpsit, and excepted to the ruling of the court. This is certainly a novel proceeding. I have looked in vain through the books for any precedent or authority to justify it. The mode of taking advantage of misjoinder of counts is by demurrer in the first instance. . . . If the defendant chooses to plead in bar, and go to trial on such a declaration, there is no authority in the judge to strike out any count, or to put the plaintiff to his election between a count in assumpsit and another in tort." The first and fourth assignments of error cannot be sustained.

The question whether there had been a discovery of a vein or lode within the limits of the claim, before its location, as required by the act of congress, was one of fact for the jury and not of law for the court. In Blue Bird Mining Co. v. Largey (U. S. C. C., D. Mont.), 49 Fed. Repr. 289, it is said: "The first question for discussion is as to the dispute as to whether the Blue Bird vein, lode or ledge is such a one as is re-

ferred to in the mining acts of congress. . . . This is not a question of law, but of fact."

In Book v. Mining Co. (U. S. C. C., D. Nev.), 58 Fed. Repr. 106, it is said : " It is always, in every case, a question of fact to be determined by a court or jury, whether a vein or lode has been discovered or exists within the limits of the particular claim or location in controversy."

The allegation that there had been no discovery of a vein, or of rock in place, bearing gold, upon the mining claim sold by defendant to plaintiff, was amply supported by evidence.

There was also sufficient evidence to go to the jury of the allegation, also raising a question of fact, that the statute of Idaho, requiring the sinking of a shaft of specified dimensions upon the lode within sixty days of the location, had not been complied with.

There was much conflict of evidence as to whether McKinley was the agent of Haskell, and this was properly submitted to the jury. The trial judge was of the opinion that the written agreement entered into between Whitney and McKinley was not in itself conclusive as to the question of agency, and in this we think, under the circumstances of the case, he was right. The agreement was offered in evidence by defendant as part of the cross-examination of plaintiff, and no attempt was made by defendant to stand upon it as a writing, which could not be varied or contradicted by parol evidence. The court was not asked to construe the contract as matter of law. Witnesses were interrogated by defendant as to their understanding of its form and effect, and as to what they meant by it, when they executed it. The gate having been opened by the defendant, he has no right to object because the plaintiff also submitted to the jury his understanding of the agreement. The court left it to the jury to determine whether or not the compensation referred to in the agreement was for services already rendered in the purchase of the property, or was intended to cover future services in connection therewith.

It is quite conceivable that, as is suggested, the defendant was to receive the amount named as the purchase price for the mining claims, net, so that any commission received by Mc-Kinley for making the sale must have been paid by the purchasers. If so, such payment would not be inconsistent with

his agency for the defendant, in negotiating the sale from him to plaintiff.

In the opinion refusing a new trial, the court below says: " There was ample testimony from which the jury was warranted in finding (1) that in the sale from Haskell to Whitney, McKinley acted not for Whitney but solely for Haskell; and (2) that the compensation to McKinley (to be paid by Whitney in stock of the corporation to be organized for purchasing, developing, and operating the properties, as stated in exhibit No. 8) was either (a) simply payment by Whitney for services rendered by McKinley for Haskell as the latter's agent in the sale to Whitney—for Haskell's price was to net him the full $20,000 named in the contract of sale; or (b) for future services to be rendered in the business operations of said corporation."

We can see no good reason why the court should have withdrawn the case from the jury because of this agreement, and no authorities have been found which, in principle, would require him to do so.

The assignments of error are overruled, and the judgment is affirmed.