# McConnell *v.* Hall, Appellant.

*Attorney-at-law—Partnership of attorneys—Dissolution of firm —Suit for fees.*

Where a firm of attorneys-at-law employed in certain litigation is dissolved by one of the members of the firm going upon the bench, the client is not bound to go on with the new firm, but if she gives no notice of her intention to make any change and permits the new firm to carry on the pending litigation to a successful conclusion, she cannot deny her liability to pay for the services rendered.   In such a case a suit may be brought for fees in the name of the old firm for the use of the new firm.

Argued April 13, 1915.   Appeal, No. 73, April T., 1915, by defendant, from judgment of C. P. Allegheny

Co., April T., 1912, No. 526, on verdict for plaintiff in case of W. A. McConnell, and Thomas C. Lazear, Charles P. Orr and Jesse T. Lazear, partners as Lazear & Orr, now for use of Lazear & Blaxter v. Sophia G. Hall. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for fees. Before EVANS, J.

From the record it appeared that the claim was for services rendered in litigation growing out of the estate of Ann Gunning, deceased. Sophia G. Hall and Lillie E. Greer were among the heirs of Mrs. Gunning. Another party in interest was Lulu McConnell who acted for the other parties in making an arrangement with Charles P. Orr to represent them. Mr. Orr was at the time in partnership with Thomas C. Lazear and Jesse T. Lazear in the practice of the law. W. A. McConnell, another attorney, acted with them in the litigation. On April 8, 1909, before the litigation was completed, Charles P. Orr went upon the federal bench and Thomas C. Lazear retired. A new firm composed of Jesse T. Lazear and H. V. Blaxter continued the practice.

Verdict and judgment for plaintiffs for $959.99. Defendant appealed.

*Errors assigned* were various rulings on evidence and to the charge of the trial judge referred to in the opinion of S. C.

*W. C. McClure,* for appellants.—Appellants contend that under the pleadings Lazear & Blaxter, use-plaintiffs, are not entitled to recover a greater sum, if any, than was due to the firm of Lazear & Orr, at the time of the dissolution of the latter firm, April 8, 1909: Mosgrove v. Golden, 101 Pa. 605; Justice v. Lairy, 19 Ind. App. 272; Stoddard v. Emery, 128 Pa. 436; McGill v. McGill, 2 Metcalf 260.

That plaintiff failed to prove that Lulu McConnell was the agent of the defendants.

*John D. Brown,* for appellees.—If there was a dissolution of the firm a new contract was not necessary, but if defendants desired a new contract, it was incumbent upon the defendants to notify plaintiffs of their repudiation of the original contract and of their desire for a change in the personnel of counsel before the work had been performed by plaintiffs with their full knowledge.

There was no misjoinder of parties plaintiffs: Page v. Wolcott, 81 Mass. 536; Fish v. Gates, 133 Mass. 441; Eggleston v. Boardman, 37 Mich. 14; Clifton v. Clark, 83 Miss. 46; Moyer v. Cantieny, 41 Minn. 242; Webb v. Trescony, 76 Cal. 621; Bartlett v. Odd Fellows Bank, 79 Cal. 218.

OPINION BY HEAD, J., December 20, 1915:

In the light of the facts established by the verdict we can perceive no legal obstacle in the way of the plaintiffs' recovery. There was conflicting testimony on several issues, but it was all submitted to the jury in a charge that was as favorable to the defendant as she had any right to expect. Perhaps the most important of the facts established as stated is that, in the correspondence which was had between Judge ORR and Miss McConnell, the latter was the agent or representative of the defendant and not of the plaintiffs. If so, when he stated to her the terms on which he was willing to undertake the management of the case, he was dealing in fact and in law with the defendant. There is abundant evidence that neither he, nor the firm of which he was a member, ever received any notice that the terms stated were unsatisfactory or objectionable. The defendant, had she so chosen, could then have declined to carry on the litigation on the conditions offered, and either abandoned the case or retained other counsel. The verdict declares she did neither. She allowed the professional services

to be rendered. They were valuable and successful and she has received and accepted the fruitful result of them.

At the time of his employment Judge ORR was a member of the law firm of Lazear and Orr. It was not necessary he should personally do everything required. What was done by his firm was under his direction or with his approval. It is true his firm was dissolved by his elevation to the federal bench in 1909. The learned trial judge instructed the jury the defendant was not bound to go on with the new firm that succeeded to the unfinished business of the old. If she did not choose so to do it was plainly her duty to give notice of her intention to make a change. Upon no principle declared or supported by reason or authority could she permit the new firm to carry on her pending litigation to a successful conclusion and then deny her liability to pay for services rendered.

Were there any serious difficulty in reaching the conclusion the defendant was bound by a contract to pay the agreed on price, there is plenty of evidence to sustain the verdict on the ground the services rendered were worth the sum charged. The introduction of testimony of that character could not have worked any injury to the defendant and the several assignments complaining of the action of the learned trial court in receiving it are overruled.

Nor is there any sound objection to the form in which the action is brought. The judgment entered in the court below will fully and entirely protect the defendant against any further claims from any source. There was a law firm in existence when the defendant made her engagement. Although the personnel of the firm may have changed, followed by a corresponding change in its name there was a continuing entity, at all times in the service of the defendant. Under such a state of facts we do not think the case of Mosgrove v. Golden, 101 Pa. 605, or the earlier case of Horbach v. Huey, 4 Watts 455,

is effective to prevent a recovery. All of the assignments are dismissed.

Judgment affirmed.