## Pulling *v.* Yeager, Appellant.

Argued May 12, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

8

[redacted]

*Charles C. Eaton,* with him *Ritchie T. Marsh* and *Homer T. Eaton,* for appellant.—Where an individual as plaintiff brings an action in assumpsit by foreign attachment and the affidavit of cause of action and all pleadings aver and set forth the individual as the plaintiff, the pleadings may not be amended at the trial by substituting a partnership of which plaintiff was formerly a member, as the legal plaintiff, to the use of the individual plaintiff instituting the suit: White Co. v. Automobile Co., 43 Pa. Superior Ct. 532; Clarke v. R. R., 136 Pa. 408; Wilson v. Wallace, 8 S. & R. 53; Riley v. Ins. Co., 12 Pa. Superior Ct. 561; Garman v. Glass, 197 Pa. 101.

Where an individual as plaintiff brings an action in assumpsit by foreign attachment and plaintiff's statement and subsequent pleadings all allege a right to recover on individual contracts made by plaintiff with defendant, plaintiff may not on the trial of the case amend the pleadings by substituting the partnership contract with the defendant for one of the individual contracts declared upon, notwithstanding plaintiff had attached to his original statement a copy of the partnership contract: Com. v. Baxter, 235 Pa. 179; Rochester Boro. v. Kennedy, 229 Pa. 251; Holmes v. Ins. Co., 142 Fed.

863; Hodges v. McGovern, 230 Pa. 368; Garman v. Glass, 197 Pa. 101; White Co. v. Automobile Co., 43 Pa. Superior Ct. 532; National Bank v. Block Co., 233 Pa. 421.

The partnership, one distinct and legal entity, was suing defendant on its contract with him, and Pulling, individually, another distinct entity, was suing defendant on two separate individual contracts made with defendant. The plaintiffs were separate and distinct and the contracts were separate and distinct, notwithstanding W. Grant Pulling, the individual joint plaintiff, was named as use-plaintiff: Garman v. Glass, 197 Pa. 101; Mosgrove v. Golden, 101 Pa. 605; Horbach v. Huey, 4 Watts 455; Clarke v. R. R., 136 Pa. 408; Bogle v. Kreitzer, 46 Pa. 465; Seip v. Drach, 14 Pa. 352.

*Henry C. Baur,* for appellee.—The averments were proper: Patton v. Ry., 96 Pa. 169; Farmers & Mechanics Bank v. Yarnall, 7 Del. Co. 221; Gotshell v. Langdon, 16 Pa. Superior Ct. 158; Gilmer's Est. v. DeCaro, 29 Pa. C. C. R. 625; Fidler v. Hershey, 90 Pa. 363; Booth v. Dorsey, 202 Pa. 381; Downey v. Garard, 24 Pa. 52; Shaffer v. Eichert, 132 Pa. 285; Kaufmann v. Landau, 93 Pa. Superior Ct. 457; Howes v. Scott, 224 Pa. 7; Richter v. Cummings, 60 Pa. 441; Reber v. Wright, 68 Pa. 471; Jackson's Exrs. v. Lloyd, 44 Pa. 82; Clement v. Com., 95 Pa. 107.

OPINION BY MR. JUSTICE SIMPSON, June 21, 1930:

On August 6, 1925, W. Grant Pulling and S. E. Austin, doing business as the United Motors Transport Company, entered into a written contract with defendant, to excavate and remove dirt from a specified property. The contract was signed by "United Motors Transport Co., W. Grant Pulling, S. E. Austin," and by defendant. After the work had been partially done, Austin sold out his interest in the firm and its business, including this contract, to Pulling, who thereafter car-

ried on the business under the same trade name. Plaintiff alleged that he excavated and removed under this contract 23,100 cubic yards of earth. While the work was being done, a newly-erected rear wall fell, caused, as defendant averred, by plaintiff's improper performance of his work. The latter denied this, whereupon a supplemental written agreement was made by which it was provided that plaintiff should remove the débris thus caused, and defendant should replace the wall, without prejudice to the rights of either on final accounting. This agreement was signed by defendant, and by "United Motors Transport Company, W. G. Pulling," and the work done under it admittedly cost plaintiff $203.30. The latter claimed also the sum of $570, for the alleged removal of certain dirt (not included in the first written contract), by virtue of a later oral contract made by defendant with him, while trading as the United Motors Transport Company. Defendant denied this, and averred the dirt thus removed was part of that excavated under the written contract, and that all the dirt excavated and removed aggregated only "about 20,500 cubic yards."

Not having been paid, plaintiff issued a writ of foreign attachment against defendant, in the name of "W. Grant Pulling, doing business as United Motors Transport Company." The affidavit of cause of action, and the statement of claim, both in its caption and body, were also so drawn; and copies of the two written contracts were attached to each of them. Plaintiff claimed to recover on them, and on the alleged oral contract. Prior to the trial, defendant did not ask the court to decide, as a matter of law, whether it was proper to bring but one suit on the three contracts, in the name of "W. Grant Pulling, doing business as the United Motors Transport Company," but filed an affidavit of defense and counterclaim, to which plaintiff replied, and upon the issues thus made the case went to trial.

When plaintiff offered the two written contracts in evidence, their admission was objected to upon the ground that the suit was in Pulling's name alone, whereas each contract was with both Pulling and Austin. This was, of course, not true as to the second agreement, which was executed by Pulling only. The trial judge allowed the record to be amended so as to make the plaintiffs: "W. Grant Pulling and S. E. Austin, copartners doing business as United Motors Transport Company, to the use of W. Grant Pulling, doing business as United Motors Transport Company, and W. Grant Pulling, individually, doing business as United Motors Transport Company," and then overruled defendant's objection. Motions for a nonsuit and for binding instructions for defendant were both subsequently overruled. The jury rendered a verdict for plaintiff for $2,892.78, and specifically found that "plaintiff was not guilty of falling of wall." As already stated, this special finding entitled plaintiff to recover, under the second agreement, the sum of $203.30 for removing the débris caused by its fall. The verdict further established the fact, as defendant claimed, that there had been no oral contract, and hence any trial error touching it became harmless, and does not furnish a ground for reversal: O'Bara v. Bielecka, 279 Pa. 307; Schwartz v. Whelan, 295 Pa. 425. That it did so decide is evident, since plaintiff claimed $3,860 for excavation and removal of dirt, under the first written contract, and defendant admitted plaintiff was entitled altogether to $2,300 for that character of work. The verdict, after deducting the $203.30, is for $2,689.48.

The point we are called upon to decide is, therefore, can defendant effectively object at the trial, for the first time, to Pulling suing in his and Austin's name to his, Pulling's use, upon two written contracts, one executed by both Pulling and Austin, and the other by Pulling alone, the latter having been made in furtherance of the original undertaking, and after Austin had transferred

his interest in it to Pulling? Probably, under such circumstances, a suit could be sustained even if the objection had been promptly made; but we need not determine that point, since defendant's objection was taken too late; and this would be so although the alleged oral contract was also to be considered. A few authorities will suffice.

In Kennedy v. Rothrock Co., 261 Pa. 580, 588, we said "plaintiff was endeavoring to recover one of the items in suit as a use-plaintiff, while he claimed the others as legal plaintiff. After trial, defendant for the first time raised the objection in question. We cannot perceive in what manner the defendant was prejudiced by the so-called misjoinder, and we agree with the learned court below that, after full notice of the cause of action in plaintiff's statement of claim, defendant having 'filed his affidavit of defense, entered a special plea, and had a fair trial, it is now too late [for it] to raise the objection that there was a misjoinder': Whitney v. Haskell, 216 Pa. 622, 628, and cases there cited." True, in Kennedy v. Rothrock Co., the question was first raised after the trial, but in Whitney v. Haskell, as here, it was raised during the trial; and the best evidence that this appellant "had a fair trial" is the fact that the only trial errors alleged relate to the refusal to hold that the counts were improperly joined, and to the allowance of the amendments in the title of the case. Kennedy v. Rothrock, supra, does not state directly the time when such an objection should have been made in order to avail defendant; but it does in effect, and Whitney v. Haskell, supra, citing earlier cases, directly holds that it should have been done preliminarily, as a matter of law, before pleading to the merits.

In McConnell v. Hall, 61 Pa. Superior Ct. 583, 586, where, as here, the assignments of error related to rulings on evidence and the charge of the court, it is said, per HENDERSON, J.: "Nor is there any sound objection to the form in which the action is brought. The judg-

ment entered in the court below will fully and entirely protect the defendant against any further claims from any source. There was a law firm in existence when the defendant made her engagement. Although the personnel of the firm may have changed, followed by a corresponding change in its name, there was a continuing entity, at all times, in the service of the defendant. Under such a state of facts we do not think the case of Mosgrave v. Golden, 101 Pa. 605, or the earlier case of Horbach v. Huey, 4 Watts 455, is effective to prevent a recovery." In the case thus decided, there was both a change of name and of parties, here there was neither, but only an assignment by one of the plaintiffs to the other. Here, also, there was a "continuing entity"; and defendant's superintendent, who made the second written contract and who had sole charge of the work during the entire time of its performance, testified that "everything was done under the name of the United Transport Company," which was the "continuing entity."

Nor does Com., to use, v. A. B. Baxter Co., 235 Pa. 179, decide that such amendments cannot be allowed in a foreign attachment. That was a suit against the surety on a dissolution bond, and the syllabus on which defendant relies, is as follows: "The original cause of action in a foreign attachment cannot be amended after the bond has been filed, by introducing a new cause of action, or by substituting a different measure of damages." Here, however, the suit is between the contracting parties, no rights of a surety are involved, no new cause of action is introduced, and the measure of damages set forth in the affidavit of cause of action and in the statement of claim, was not changed in any way. Moreover, long before the trial of the present case, defendant entered bail and dissolved the attachment, with the result that, under section 62 of the Act of June 13, 1836, P. L. 568, 583, the action thereafter proceeded, so far as plaintiff and defendant were concerned, with the

same effect as if it had been commenced by a summons: Bergman v. Straus, 264 Pa. 439; Pottash v. Hartenfeld Bag Co., 267 Pa. 96.

The judgment of the court below is affirmed.