From Frederic Ray, Harrisburg.

## Hecker v. Laurel Hosiery Company

*Ellis Brodstein*, for plaintiff.

*E. H. Deysher*, for defendant.

MAYS, J., April 13, 1936.—This is an action of assumpsit brought by Cyrus H. Hecker against the Laurel Hosiery Company for commissions. Plaintiff's statement avers that defendant entered into a contract with plaintiff whereby plaintiff became defendant's exclusive selling agent.

Defendant's affidavit of defense, after denying that Cyrus H. Hecker was doing business as Hecker Weil Hosiery Company, avers "that said Cyrus H. Hecker and Leonard Weil were copartners trading as Hecker Weil Hosiery Company, and are the persons with whom defendant dealt as agents."

Plaintiff's exhibit A is a letter addressed by defendant to Cyrus H. Hecker, who testified in regard thereto that the deal was between the Laurel Hosiery Company and Hecker and Weil, a partnership which continued until January 1935. Plaintiff testified that he had a written assignment of Mr. Weil's interest. The written assignment not being produced, counsel for defendant requested the court to strike from the record the answer of the witness as to the assignment. This was refused and an exception noted. There was a verdict for plaintiff of $484.84. Defendant has filed reasons for a new trial and a motion for judgment n. o. v.

If a member of a firm can transfer to a partner his separate interest in a joint partnership debt so as to enable him to sue and recover it in his own name (and as to this there may be some doubt: see Horbach v. Huey, 4 Watts 455; Mosgrove et al. v. Golden, 101 Pa. 605), at least the declaration should plead such a transfer or assignment, and if the assignment be in writing it should be produced at the trial or the failure to produce it accounted for. Plaintiff has wholly failed in this regard.

Ordinarily a defendant who wishes to object to a suit as being improperly brought must raise the question preliminarily as a matter of law before pleading to the merits. This, however, is not controlling here, because plaintiff failed to plead the written assignment. Plaintiff in this case, suing in his own name, recovered a partnership debt. This being so, defendant has a sound objection to the form in which the action is brought. In the state of the pleadings, a judgment entered for Cyrus H. Hecker individually would not fully and entirely protect defendant against any further claims from any other source.

And now, to wit, April 13, 1936, the rule for judgment n. o. v. is discharged, and the rule for a new trial is made absolute.